WARRINGTON SEWER COMPANY,
Appellant,

v.

Joseph TRACY et al., Appellees.

No. 71–1770.

United States Court of Appeals,
Third Circuit.

Submitted June 22, 1972 Under Third
Circuit Rule 12(6).

Decided July 6, 1972.

Irving J. Katz, Philadelphia, Pa., for appellant; Robert A. Meade, Hatboro, Pa., of counsel.

Richard M. Rosenbleeth, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for appellees.

Before ALDISERT, JAMES ROSEN and HUNTER, III, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

A resolution was adopted by the Board of Supervisors of Warrington Township on February 9, 1971 purporting to exercise an option to purchase a sewer plant pursuant to an agreement executed between Warrington Township (Township), the appellant Warrington Sewer Co. (Warrington) and Meade Construction Co., Inc. on October 7, 1965.

Warrington brought suit under 28 U. S.C.A. § 1331 seeking preliminary and permanent injunctions against appellees insofar as they may interfere with the ownership, possession, management and control by Warrington of the sewage disposal facilities under the February 9 resolution. Appellant also sought a judgment declaring the agreement of October 7, 1965 null and void.

The Township filed a motion to dismiss pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The

court granted the motion in a memorandum opinion and order on June 21, 1971.

The appellant argues that the taking of the sewer company under the 1965 agreement constitutes a condemnation, accomplished without either just compensation or procedural due process. The trial judge observed that Warrington's constitutinal claim of unjust taking rested squarely on the illegality of the 1965 agreement:

"In the instant case, plaintiff predicates his constitutional claim upon the enforcement of the alleged illegal contract by Township. The validity of that contract, however, is an issue of state law and does not give rise to federal jurisdiction. If a state court rules the contract illegal, then, as in the West Park Avenue case,[1] the litigation will be ended. Conversely, if the state court holds the contract to be valid, enforcement would, a fortiori, not violate the Constitution. Neither alternative presents any possibility of a conflict with the Constitution, and accordingly there is no federal question jurisdiction."

■■■ The retention of jurisdiction of the claim based on state law may be sustained as proper only if the federal question is substantial. Elberti v. Kunsman, 376 F.2d 567 (3d Cir. 1967). "A mere incidental or collateral federal question may appear, or may lurk in the background of the record, but this is not a sufficient or adequate basis upon which federal jurisdiction may attach." Screven County v. Brier Creek Hunting & Fishing Club, 202 F.2d 369, 370 (5th Cir. 1953), cert. den. 345 U.S. 994, 73 S. Ct. 1136, 97 L.Ed. 1402 (1953); Jemzura v. Belden, 281 F.Supp. 200 (N.D.N.

Y.1968). The test for determining whether a complaint presents a federal question is

"whether the complaint is for a remedy expressly granted by an act of Congress or otherwise 'inferred' from federal law, or whether a properly pleaded 'state created' claim itself presents a 'pivotal question of federal law,' for example because an act of Congress must be construed or "federal common law" govern[s] some disputed aspect' of the claim." (citations omitted)

Ivy Broadcasting Co. v. American Tel. & Tel. Co., 391 F.2d 486, 489 (2nd Cir. 1968).

■■■ Appellant's principal argument is based on the theory that the option agreement is invalid because of duress.[2] Warrington's cause of action does not have, as an essential element, a right or immunity created by the Constitution or laws of the United States. See Gully v. First National Bank in Meridian, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Beistline v. City of San Diego, 256 F.2d 421 (9th Cir. 1958), cert. den. 358 U.S. 865, 79 S.Ct. 96, 3 L. Ed.2d 98 (1958). There is no genuine and present controversy with respect to the 14th Amendment claim. A bare allegation of violation of the due process clause of the Fourteenth Amendment is not sufficient to confer federal jurisdiction. Lang v. Colonial Pipeline Co., 266 F.Supp. 552 (E.D.Pa.1967), aff'd, 383 F.2d 986 (3d Cir. 1967). The Fifth Amendment[3] applies only to action or conduct by the federal government, and none is alleged here. *Lang, supra.*

The judgment of the district court will be affirmed.

---

1. West Park Avenue Inc. v. Township of Ocean, 48 N.J. 122, 224 A.2d 1 (N.J. 1966).

2. Appellant also contends that the 1965 agreement was invalid because it was not filed with the Public Utility Commission pursuant to 66 P.S. § 1351; that the resolution of February 9, 1971 was procedurally invalid; and that the 1965 agreement entered into by Warrington and Meade was an ultra vires act. These contentions present issues of state law not cognizable in the federal courts absent federal jurisdiction.

3. " * * * nor shall private property be taken for public use, without just compensation."