Jonez P. SUTHOFF, Frances P. Miller and Inez W. Philibert, Plaintiffs-Appellants,

v.

YAZOO COUNTY INDUSTRIAL DEVELOPMENT CORPORATION et al., Defendants-Appellees.

No. 79–2992.

United States Court of Appeals, Fifth Circuit.

Unit A

Feb. 17, 1981.

Rehearing Denied April 15, 1981.
See 642 F.2d 822.

---

Pyles & Tucker, Dixon L. Pyles, Jackson, Miss., for plaintiffs-appellants.

Watkins & Eager, W. F. Goodman, Jr., Jackson, Miss., for Yazoo City, Miss., Yazoo Public Service Comm., Campbell and Smith.

Henry, Barbour & Decell, Haley Reeves Barbour, Yazoo City, Miss., for Barbour and Neely.

Vardaman S. Dunn, Jackson, Miss., for Yazoo County Ind. Dev., Yazoo County and Yazoo Port Comm.

W. Timothy Jones, Jackson, Miss., for Joel Stevenson.

Before INGRAHAM, GEE and TATE, Circuit Judges.

TATE, Circuit Judge:

The district court dismissed the plaintiffs' complaint on its allegations, as failing to state a claim over which it had subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The plaintiffs had, inter alia, specifically alleged conduct of the defendants that had allegedly under color of state law deprived them of property rights without due process of law in violation of the Fifth and Fourteenth Amendments, citing 42 U.S.C. § 1983, and had averred federal jurisdiction under 28 U.S.C. § 1331 and 1343(3).

The issue before us is narrow: Was the federal court without jurisdiction conferred by Congress to decide the case, on the face of the complaint, under the stringent test enunciated by *Bell v. Hood,* 327 U.S. 678, 681–82, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946): "[W]here the complaint ... is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions ... *must* entertain the suit." (Italics ours.) (The two exceptions are where the federal question "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Id.) See also *Walsh v. Louisiana High School Athletic Association,* 616 F.2d 152, 156 (5th Cir. 1980).

So tested, the complaint sufficiently states federal claims, and (without intimating as to the merits of the claims) we reverse the district court's dismissal for lack of jurisdiction.

## I.

The plaintiffs sue five public agencies of Mississippi and five individuals, on allegations that they entered into a conspiracy to force the plaintiffs to sell their property at one-fourth its value to Yazoo County (hereinafter, the "County"), so that the property could be used for public purposes by the Yazoo County Port Commission ("Port") and the Yazoo County Industrial Development Corporation ("Industrial Corporation"), none of which had expropriation powers. The gravamen of the improper use of state power alleged is that the City of Yazoo City ("City") was induced to institute proceedings to expropriate a portion of the plaintiffs' property for sewerage purposes for the sole purpose of coercing the plaintiffs (for fear of the destruction of the value of their property) into selling their property at a low price to the County, although the City never had any intent to acquire the property for such purpose and, in fact, dismissed its expropriation proceedings after they had served their coercive purpose.

■ Clearly, the allegations of the complaint are drawn so as to seek recovery under both the federal constitution and a federal statute and thus support federal subject matter jurisdiction absent a finding that the claims are immaterial or frivolous. With respect to the contention of federal immateriality because the allegations also support a state remedy for fraud and deceit, *Bell v. Hood* teaches us that we must sustain federal jurisdiction if, construed in the light of the pleader's purposes, the claim is based upon the federal constitution or statutes, whether or not as drafted it also alleges a state cause of action. 327 U.S. at 681, 66 S.Ct. at 775.

■ Nor can we say the federal claim is so frivolous that the district court may not entertain jurisdiction of it, if only to dismiss it on its merits. The allegations concern a concerted use by public and private persons to misuse a municipality's expropriation powers, by the institution of proceedings not intended to condemn, in order to coerce a private landowner to sell his property at a price far below its value to entities not authorized by law to expropriate it. Sufficient to sustain § 1983 federal jurisdiction are allegations of concerted action by public and private persons to deprive individuals of federal constitutional rights through color of state law. *Fulton v. Emerson Electric Co.,* 420 F.2d 527 (5th Cir. 1969). A § 1983 action may be based upon the wrongful deprivation of property by persons acting under color of state law. *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). Action taken "under color of" state law may include " '[m]isuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law,' " *Monroe v. Pape,* 365 U.S. 167, 184, 81 S.Ct. 473, 483, 5 L.Ed.2d 492 (1961).

## II.

The defendants urge that the plaintiffs' claims are foreclosed by the decision of the Supreme Court in *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

That decision can be interpreted, as do the defendants, as holding a tort committed by a state agent does not, without more, afford a basis for a federal § 1983 action. As a predicate for this argument, the defendants contend that there was no "taking" for Fifth Amendment purposes, since the plaintiffs "voluntarily" sold their property, and therefore the complaint at most alleges a tort claim.

We are not persuaded by these contentions. In the first place, the tort alleged, if such it be, was accomplished by an abuse of governmental power sufficient " 'to raise an ordinary tort by a government agent to the stature of a violation of the Constitution.' " *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980). In the second place—for purposes of maintaining initial federal jurisdiction, even though the property itself is not actually "taken"—allegations that an individual's property rights have been damaged, through a municipality's arbitrary misuse of instituted but abandoned state-law expropriation proceedings, adequately state a claim of deprivation of property without due process of law in violation of the federal constitution. *Foster v. Herley*, 330 F.2d 87 (6th Cir. 1964). See also *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784 (8th Cir. 1979); cf., *Chacon v. Granata*, 515 F.2d 922, 924 (n.3) (5th Cir. 1975).

The present situation thus differs from that in decisions relied upon by the defendants, where no federal claim arises out of the forced sale of property because of the coercive but valid exercise of expropriation power by a defendant state agency authorized to take the property, *Beistline v. City of San Diego*, 256 F.2d 421 (9th Cir. 1958), or where the governmental duress alleged is not shown to have as its basis a violation of the federal constitution (such as, here, the misuse of the threat of the expropriation power to force the landowner to sell his property to entities or persons *not* entitled to take it by eminent domain), *Warrington Sewer Company v. Tracy*, 463 F.2d 771 (3rd Cir. 1972).

*Conclusion*

The applicable test for determining jurisdiction on the face of the pleadings is not whether the plaintiffs could actually recover, but whether the federal claim alleged is so patently without merit as to justify the district court's dismissal for want of jurisdiction. *Duke Power Company v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 98 S.Ct. 2620, 2629, 57 L.Ed.2d 595 (1978). We do not necessarily hold that the plaintiffs will prevail if they establish the facts alleged in the petition; we hold only that, taking the facts alleged in the complaint as true, the plaintiffs have established their right to a day in federal court. The dismissal for want of subject matter jurisdiction is REVERSED, and the case is remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.