Jonez P. SUTHOFF et al.,
Plaintiffs-Appellants,

v.

YAZOO COUNTY INDUSTRIAL DE-
VELOPMENT CORPORATION et
al., Defendants-Appellees.

No. 79–2992.

United States Court of Appeals,
Fifth Circuit.
Unit A

April 15, 1981.

Pyles & Tucker, Dixon L. Pyles, Jackson,
Miss., for plaintiffs-appellants.

Campbell & Smith, Watkins & Eager, W.
F. Goodman, Jr., Jackson, Miss., for Yazoo
City, Miss., and Yazoo Public Serv.

Henry, Barbour & Decell, Haley Reeves
Barbour, Yazoo City, Miss., for Barbour and
Neely.

Vardaman S. Dunn, Jackson, Miss., for
Yazoo County Ind. Dev., Yazoo County and
Yazoo Port Comm.

On Petition For Rehearing

(Opinion February 17, 1981, 5th Cir.,
1981, 637 F.2d 337)

Before INGRAHAM, GEE and TATE,
Circuit Judges.

PER CURIAM:

On petition for rehearing, the defend-
ants-appellees suggest that the panel erred
in assuming that Yazoo County did not
have the power to expropriate, since Yazoo
County has the power of expropriation for
port commission purposes. See Miss.Code
§ 59–9–19.

Accepting the validity of the petitioner's
assertion solely for the purpose of determin-
ing the jurisdictional issue presented on ap-
peal, we conclude that the gravamen of our
original holding need not be altered:

The allegations of the complaint—(a) that
public and private persons conspired to mis-
use a municipality's expropriation powers,
(b) through the municipality's institution of
eminent domain proceedings with no intent
to condemn, and (c) but solely in order to
coerce the private landowners to sell their
property at a price far below value to co-
conspirator entities not a party to the con-
demnation proceedings—are sufficient to
state a claim of § 1983 federal jurisdiction
for deprivation under color of state law of
individual federal constitutional rights.

The petitioners again urge the panel to
follow the opinions of two other circuits,
*Beistline v. City of San Diego*, 256 F.2d 421
(9th Cir. 1958), *cert. denied* 358 U.S. 865, 79
S.Ct. 96, 3 L.Ed.2d 98 (1958), and *Warring-*

*ton Sewer Company v. Tracey,* 463 F.2d 771 (3d Cir. 1972). However, as we noted in the original panel opinion, both of those opinions are distinguishable from the situation presented on the instant appeal: in neither *Beistline* nor *Warrington* did the property owner allege that the defendant expropriating body *misused* its coercive powers by instituting condemnation proceedings in order to force the price down for the benefit of non-parties, without the condemnor having any intention actually to expropriate the land for public use.

The petition for rehearing is DENIED.