William J. SISK, Jr., Plaintiff-Appellant,

v.

TEXAS PARKS AND WILDLIFE
DEPARTMENT et al.,
Defendants-Appellees.

No. 80–1177.

United States Court of Appeals,
Fifth Circuit.
Unit A

May 11, 1981.

Daves, McCabe & Crews, Larry R. Daves, Tyler, Tex., for plaintiff-appellant.

David J. Preister, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before RUBIN and GARZA, Circuit Judges, and SUTTLE *, District Judge.

PER CURIAM:

Appellant, William J. Sisk, Jr., appeals the dismissal of his 42 U.S.C. § 1983 Complaint alleging various deprivations of his Constitutional rights. The District Court's dismissal refers to the defendants'-appellees' Motion to Dismiss but fails to specifically state the reasons for its dismissal. After an independent review of the five arguments advanced by the Motion to Dismiss, we conclude the District Court erred in dismissing the Complaint.

## I.

A fair reading of Sisk's Complaint sets forth the following allegations: Appellant is a Louisiana resident and has been a commercial fisherman on the inland waters of Louisiana and Texas for many of his twenty-five years as a fisherman. Throughout his career, appellant has vigorously urged compliance with the fish and game laws of the State of Texas.

As a result of and in retaliation against Sisk's personal beliefs and public posture regarding these fish laws, the Texas Department of Parks and Wildlife (Department), through its agents, has subjected Sisk to numerous incidents of harassment. In addition to harassment and for the same reasons, the Department, prior to January 1, 1977, refused and denied Sisk opportunities to harvest rough fish[1] and restricted him to fishing in waters in which he could not make a living. The Complaint alleges these incidents of harassment and retaliation violated Sisk's First Amendment rights of free speech and to petition for redress of grievances.

In addition, subsequent to January 1, 1977, (the date the Department ceased issuing such fish permits to all commercial fishermen), the Department has illegally allowed sports fishermen unlimited access to the public waters of Texas and by such action the Department is violating Sisk's equal protection under the Fourteenth Amendment as well as his rights to privileges and immunities under Article IV, Section 2 of the United States Constitution.[2] The Complaint asks that the denial of permits to commercial fishermen be declared unconstitutional, that such acts be enjoined, and that he be awarded compensatory damages for the Department's harassment and retaliation.

## II.

In response to Sisk's Complaint, the Department filed its Motion to Dismiss setting

---

* District Judge of the Western District of Texas, sitting by designation.

1. A review of the record reveals that "rough fish" consists of Carp, Buffalo, Gaspergou, Gar, Suckers, Shad, Goldfish and Turtle.

2. At oral argument counsel for appellant also argued that the Department violated Sisk's First Amendment and equal protection rights by allowing commercial fishermen to harvest these fish without penalty but at the same time refused Sisk to do the same. While such disparate treatment might be a denial of equal protection, the Complaint simply does not set forth any facts supporting this argument and we cannot consider it in this appeal.

forth five separate reasons why the complaint should be dismissed. Regarding the denial of permits to commercial fishermen subsequent to January 1, 1977, the Motion states (1) that the District Court lacks subject matter jurisdiction because no federal question is involved—the right to conserve natural resources being within Texas' authority and power and (2) that Sisk's failure to exhaust his administrative remedies to contest the suspension of permits precludes a challenge to the suspension in federal court. Regarding the harassment and retaliation claim, the Motion states (1) that the Complaint failed to state a claim for which relief can be granted because it fails to specifically set forth the acts or manner in which Sisk's rights were violated; (2) that the Eleventh Amendment bars a suit against the State of Texas; and (3) the Department is not a "person" within 42 U.S.C. § 1983 and is therefore not amenable to such a suit.[3]

### III.

We first turn our attention to Sisk's equal protection claim and the appellees' response, via Motion to Dismiss, that the District Court lacked subject matter jurisdiction to entertain the claim because of lack of a federal question under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and because Sisk failed to exhaust his administrative remedies.[4] Appellees' arguments are without merit.

Sisk alleges, and appellees concede, the State of Texas classifies and treats differently "commercial" fishermen as contrasted with "sport" fishermen. Sisk further alleges that such classification and treatment is contrary to the guarantee of equal protection of the Fourteenth Amendment. Although Sisk might not prevail in his contention, we fail to see how his allegations do not state a cause of action involving a federal question. The applicable test for determining jurisdiction on the face of the pleadings is not whether the plaintiff could actually recover, but whether the federal claim alleged is so patently without merit as to justify the District Court's dismissal for want of jurisdiction.[5] *Duke Power Company v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978); *Suthoff v. Yazoo County Industrial Development Corporation*, 637 F.2d 337 (5th Cir. 1981). Sisk's claim is not so patently without merit as to justify dismissal under Rule 12(b)(1) F.R. C.P.

### IV.

We now turn our attention to whether or not Sisk's allegations of harassment and retaliation state a claim upon which relief can be granted. Appellees' Motion to Dismiss contended the Complaint was inadequate because it failed to explicitly detail the factual episodes of harassment

---

**3.** On appeal Sisk has specifically consented to the dismissal of the Department from the suit. Therefore, we will not address appellees' contention that the Department is not a "person" within 42 U.S.C. § 1983. For the same reasons we will not address appellees' Eleventh Amendment argument since Sisk's action is not against the State of Texas but rather against individuals acting under the color of state law given them in their official capacity.

**4.** Recently in *Patsy v. Florida International University*, 634 F.2d 900 (5th Cir. 1981), this Court held that adequate and appropriate state administrative remedies must be exhausted before a § 1983 action is permitted to proceed in federal court, absent the traditional exhaustion exceptions. On remand, the District Court should inquire into the availability and adequacy of Texas' administrative procedures to reme-

dy Sisk's grievances concerning the Department's denial of fishing permits.

**5.** There can be no doubt that Texas may regulate the commercial exploitation of its wildlife resources as a valid exercise of its police power. *Lawton v. Steele*, 152 U.S. 133, 14 S.Ct. 499, 38 L.Ed. 385 (1894). However, it is not the regulation of fish harvesting of which Sisk complains, but rather the disparate treatment accorded commercial fishermen by the State of Texas. Although fishing is not a fundamental right nor is the class of commercial fishermen a suspect class so as to subject Texas' treatment to strict scrutiny, the disparate treatment must nevertheless have a rational basis. It may well be that a rational basis justifies the treatment, however it is not the duty of this Court to pass on such matters on this case as it presently presents itself.

and retaliation. Under Rule 8(a) F.R.C.P. the complaint need only contain a "short and plain statement of the claim showing the pleader is entitled to relief." If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e) F.R.C.P. 5 Wright & Miller, Fed. Practice & Procedure: Civil § 1356 at 590–591. A complaint should not be dismissed under Rule 12(b)(6) for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Swilley v. Alexander*, 629 F.2d 1018 (5th Cir. 1980).

At a minimum, Sisk's Complaint states that various state officials in their official capacities, prior to January 1, 1977, have deprived Sisk of property rights and harassed him in retaliation for his public expression. Though inartful, Sisk's Complaint does state a claim upon which relief can be granted. After reviewing Sisk's answers to appellees' one-hundred interrogatories, wherein Sisk outlines numerous incidents of harassment and denials of fishing privileges, the appellees can not be heard to complain that Sisk's allegations are so conclusory that a responsive pleading cannot be framed.

### V.

In conclusion, we remand the case for examination of the applicability of the exhaustion prerequisites to Sisk's equal protection claim and, if such exhaustion is not applicable, further proceedings on that cause of action. Furthermore, the case is remanded for further proceedings on Sisk's claim of violation of his First Amendment rights by the Department's agents in retaliation for his public expression. Upon leave of the Court, Sisk may wish to amend his Complaint to include an additional cause of action as referred to in footnote 2.

REVERSED and REMANDED.