No. 80–1975. YAZOO COUNTY INDUSTRIAL DEVELOPMENT CORP. ET AL. *v.* SUTHOFF ET AL. C. A. 5th Cir. Certiorari denied.

JUSTICE REHNQUIST, dissenting.

Respondents in this case sought to invoke the jurisdiction of the United States District Court for the Southern District of Mississippi under the provisions of 28 U. S. C. §§ 1331 and 1343(3). They sought compensatory and punitive damages and attorney's fees or, in the alternative, the rescission of instruments by which they conveyed certain real property to petitioners. App. to Pet. for Cert. A2. Petitioners filed the customary Federal Rule of Civil Procedure 12 motions requesting dismissal of the complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted. The District Judge, a practicing Mississippi lawyer for many years before he took the bench, granted the motion to dismiss for lack of jurisdiction:

"The complaint contains conclusory allegations, but when reduced to the essentials, plaintiffs allege that while they received $100,830.00 this was not enough; that the land was in fact worth several times this amount; that they were induced to sell by the fraud and deceit of their own attorneys and appraiser; and that the remaining defendants were in a conspiracy to acquire the land for a fraction of its true worth.

"The plaintiffs thus are asserting a classic common law action for the common law tort of fraud and deceit. If the plaintiffs indeed have such a claim it is properly redressable only in the state court. The allegations do not reach Federal Constitutional proportions." *Id.*, at A3.

The Court of Appeals for the Fifth Circuit reversed the judgment of dismissal:

"The issue before us is narrow: Was the federal court without jurisdiction conferred by Congress to decide the case, on the face of the complaint, under the stringent test enunciated by *Bell* v. *Hood*, 327 U. S. 678, 681–682 . . . (1946); '[W]here the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions, . . . *must* entertain the suit.' (Italics ours.) (The two exceptions are where the federal question 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.' *Id.*) . . . .

"So tested, the complaint sufficiently states federal claims, and (without intimating as to the merits of the claims) we reverse the district court's dismissal for lack of jurisdiction." 637 F. 2d 337, 339 (1981).

Had the Court of Appeals been content to end its opinion at that point, this case would be one among hundreds where busy federal appellate courts decide whether "conclusory

allegations" made under the "notice pleading" premise of the Federal Rules of Civil Procedure do or do not properly invoke federal jurisdiction. This Court in turn would be entirely correct in concluding that the petition for certiorari does not warrant plenary consideration. But, for better or for worse, the Court of Appeals did *not* stop there. Instead, it proceeded to step on what is, in my opinion, a legal landmine when it elaborated on the meaning of *Bell* v. *Hood,* 327 U. S. 678 (1946). The Court of Appeals obviously recognized its obligation to follow the dictates of that case as best it could, and because to me the decision in *Bell* is one of the most cryptic in the recent history of this Court's jurisprudence, I have nothing but sympathy for those who seek to divine its meaning.

It is apparent from the above-quoted language of the Court of Appeals that, on remand, the District Court would be perfectly free to dismiss the complaint for failure to state a claim upon which relief may be granted. This conclusion was made crystal clear by the concluding language of the Court of Appeals:

> "We do not necessarily hold that the plaintiffs will prevail if they establish the facts alleged in the petition; we hold only that, taking the facts alleged in the complaint as true, the plaintiffs have established their right to a day in federal court. The dismissal for want of subject matter jurisdiction is reversed, and the case is remanded for further proceedings in accordance with law." 637 F. 2d, at 340.

Whether or not the allegations of the complaint were sufficient to invoke federal jurisdiction for consideration of the complaint under 42 U. S. C. § 1983 is an issue which the Court of Appeals in this case approached somewhat differently than did the Court of Appeals for the Ninth Circuit in *Beistline* v. *City of San Diego,* 256 F. 2d 421 (1958), and the Court of Appeals for the Third Circuit in *Warrington Sewer*

*Co.* v. *Tracy*, 463 F. 2d 771 (1972). But whether these cases are properly distinguishable, as the Court of Appeals in this case thought, see 637 F. 2d, at 340, or whether they are not, is an issue on which I would not vote to grant certiorari if it stood by itself.

The far more fundamental issue, I think, is that the decision of the Court of Appeals in this case reveals enough differences of approach among the Federal Courts of Appeals in deciding whether the federal question alleged in a complaint is "wholly insubstantial and frivolous" within the meaning of *Bell,* to suggest a need for clarification of *Bell* itself. The Court of Appeals quite accurately recognized that *Bell* created, in cases seeking recovery directly under the Constitution or laws of the United States, three tiers of review. The first tier was where the complaint stated a claim found to be wholly insubstantial and frivolous, in which case it could be dismissed *for want of jurisdiction.* The second tier was where the complaint stated a claim *not* wholly insubstantial and frivolous, in which case the federal court could not dismiss the complaint for lack of jurisdiction, but could dismiss it for failure to state a claim upon which relief may be granted. In other words, at the second-tier level, the federal court might find simply on the basis of the allegations of the complaint that no triable constitutional issue was raised, and accordingly dismiss it on that ground. The third tier of review would be where the federal court finds the *allegations of the complaint* sufficient to state a constitutional claim, and accordingly requires further pleadings, discovery, and perhaps eventually a trial on the merits to determine whether the plaintiff can prove the allegations of his complaint.

But this three-tiered analysis required by *Bell* seems to me wholly at odds with Rule 12(b) of the Federal Rules of Civil Procedure, which quite clearly contemplates only a two-tiered standard of review of a complaint on a motion to dis-

miss.* As I understand Rule 12, it requires the federal court to make a legal determination of whether or not the allegations of the complaint state a claim upon which relief can be granted. Rule 12(b)(6). This is a question of law, and if the court concludes that they do not state such a claim, an order of dismissal will be entered. But if the court concludes that the allegations *do* state a claim, the defendant will be required to answer and the case go to trial unless settled. The trial and, at earlier stages of the case, summary judgment proceedings, are for the purpose of deciding disputed issues of material fact.

With the vast expansion in the case dockets of all federal courts in recent years, the more settled the procedural system by which these cases are to run the judicial gauntlet, the better off will be litigants, lawyers, and judges. The Court of Appeals here, by its careful adherence to the dictates of *Bell*, has brought out the sharp contrast between those dictates and the Federal Rules of Civil Procedure. While the merits of the Court of Appeals' treatment of the constitutional question in this case may not justify a grant of certiorari, the question of how *Bell* can be reconciled with Rule 12, a question I believe to be fairly subsumed under

---

*It might be argued that Rule 12(b)(1), which authorizes a court to dismiss a claim for lack of subject-matter jurisdiction, is the equivalent of the first tier of *Bell*. Such an interpretation of Rule 12(b)(1) is possible, however, *only* because of the existence of the three-tier analysis of *Bell* and its cryptic statement that frivolous complaints invoke no federal-court jurisdiction. In the absence of *Bell*, Rule 12(b)(1) could be properly understood as referring to dismissals for lack of diversity or amount in controversy, or other more traditional jurisdictional defects. Thus, the existence of Rule 12(b)(1) does not obviate the need to clarify *Bell*.

As 28 U. S. C. § 1915(d) demonstrates, dismissals for frivolousness can be authorized without ambiguity. This Court has not done so in Rule 12(b)(1), and Congress has implicitly expressed satisfaction with the current formulation of Rule 12(b)(1) by not seeking to add a dismissal-for-frivolousness standard—like that found in § 1915(d)—in a manner similar to its revision of the Federal Rules of Evidence.

questions 2 and 3 of the petition, does justify such action. "To conceal [the] appropriate inquiry invites mechanical or thoughtless application of misfocused doctrine." *Zablocki* v. *Redhail*, 434 U. S. 374, 396 (1978) (Stewart, J., concurring in judgment).

I would grant the petition for certiorari in this case, limited to questions 2 and 3 of the petition.