**Timothy A. SILER, Attorney for Wallace J. Sheats, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health & Human Services, Defendant.**

**Civ. A. No. C83–1170A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 29, 1983.

Timothy A. Siler, Decatur, Ga., for plaintiff.

Nina Hunt, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This action is before the court now on defendant's motion to dismiss plaintiff's complaint. Plaintiff is an attorney who successfully represented a claimant for Social Security benefits. Claimant and plaintiff agreed that plaintiff would receive as legal fees twenty-five percent of whatever sum claimant recovered from the Social Security Administration. The claimant's claim was upheld and an award of past due benefits in excess of $20,000 was made. Plaintiff requested $4,761.10 as his attorney's fees. However, the Secretary, after reviewing plaintiff's claim and examining the nature and extent of the work performed, concluded that the sum of $600 was a reasonable award of attorney's fees. Plaintiff protested the award and filed an application for a review by the Appeals Council. The Appeals Council, and then the Administrative Law Judge (ALJ) affirmed the decision of the Secretary. Plaintiff then filed his action in this court asking that the decision of the ALJ and the Appeals Council be reviewed, reversed and set aside. Plaintiff asserts that the decision of the Administrative Law Judge was not supported by substantial evidence; that it failed to take into account the proper criteria; that the denial of the amount of attorney's fees agreed upon between plaintiff and the claimant constitutes a denial of due process, as well as an interference with the parties' contractual relationships. Plaintiff also urges that the denial of the attorney's fees as provided in the contract between plaintiff and claimant constitutes a denial of their rights to contract, and a denial of claimant's right to effective counsel. Defendant argues that this court has no jurisdiction to review an award of attorney's fees by the Secretary and that this case should therefore be dismissed for lack of subject matter jurisdiction.

■ 42 U.S.C. § 405 provides in pertinent part:

(g) Any individual, after any final decision of the Secretary made *after a hearing to which he was a party,* ... may obtain a review of such decision by a civil action....

(h) The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who are parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. (Emphasis added).

Section 405(g) clearly limits judicial review to a decision of the Secretary "made after a hearing." *Califano v. Sanders,* 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1976); *Ortega v. Weinberger,* 516 F.2d 1005, 1006–08 (5th Cir.1975). The courts have consistently held that this section does not allow judicial review of matters for which no hearing is required. *Califano v. Sanders, supra.* Attorney's fees are awarded as provided by 42 U.S.C. § 406, which provides in pertinent part:

The Secretary may, by rules and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter, *and any agreement in violation of such rules and regulations shall be void.* Whenever the Secretary, in any claim before him for benefits under this subchapter, makes a determination favor-

able to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix (*in accordance with the regulations prescribed pursuant to the preceding sentence*) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim. If as a result of such determination, such claimant is entitled to past-due benefits under this subchapter, the Secretary shall, notwithstanding § 405(i) of this title, certify for payment (out of such past-due benefits) to such attorney *an amount equal to whichever of the following is the smaller:* (A) 25 percentum of the total amount of such past-due benefits, (B) the amount of the attorney's fee so fixed, or (C) the amount agreed upon between the claimant and such attorney as the fee for such attorney's services. (Emphasis added).

The regulations prescribed under this section provide for the award of attorney's fees without a hearing. 20 C.F.R. § 404.-937(b). The decision to award plaintiff only $600 in attorney's fees is, therefore, not a "final decision of the Secretary made after a hearing to which (the plaintiff) was a party." This court, therefore, has no subject matter jurisdiction to review the award. *Thomason v. Schweiker,* 692 F.2d 333 (4th Cir.1982); *Copaken v. Secretary of Health, Education & Welfare,* 590 F.2d 729 (8th Cir.1979); *Schneider v. Richardson,* 441 F.2d 1320 (6th Cir.1971); *Pepe v. Schweiker,* 565 F.Supp. 97 (E.D.Pa.1983) (Broderick, J.); *Byrd v. Harris,* 509 F.Supp. 1222 (E.D.Tenn.1981).

While this court has no subject matter jurisdiction to review the reasonableness of an award of attorney's fees, it does have subject matter jurisdiction over claims arising under the Constitution. Plaintiff has asserted in his complaint that the Secretary's denial of the attorney's fees agreed upon between plaintiff and claimant constitutes a denial of due process and an interference with contract. The courts have held that where a plaintiff asserts "colorable" constitutional claims, the court may exercise jurisdiction notwithstanding

§ 405(g). *See Califano v. Sanders,* 430 U.S. 99, 108–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1976); *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). The question for jurisdiction purposes is, therefore, whether plaintiff's constitutional claims are colorable. While this court has found no authority within this circuit addressing plaintiff's constitutional claims, every court which has considered plaintiff's contentions has decided that they do not constitute a colorable constitutional claim. Plaintiff's due process arguments were discussed thoroughly and rejected by the Eighth Circuit in *Copaken v. Secretary of Health, Education & Welfare,* 590 F.2d 729 (1979). That court held that "congressional regulation of the amount of fees granted attorneys representing claimants for benefits created by an Act of Congress does not deprive an attorney of property or liberty in violation of the Fifth Amendment." *Id.* at 732 (citing *Hines v. Lowrey,* 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56 (1938); *Margolin v. United States,* 269 U.S. 93, 46 S.Ct. 64, 70 L.Ed. 176 (1925); and *Calhoun v. Massie,* 253 U.S. 170 (1920)). *Accord, Byrd v. Harris,* 509 F.Supp. 1222 (E.D.Tenn.1981).

■ This court, however, is troubled by the procedure employed by the *Copaken* and *Byrd* courts. While the courts found that the plaintiffs had not presented any colorable constitutional claims, *see, e.g., Byrd v. Harris, supra,* at 1225, this court believes that the analysis employed in those cases is more reflective of that employed in consideration of a Rule 12(b)(6) motion to dismiss for failure to state a claim rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. This is not simply a meaningless legalistic distinction. As the Supreme Court noted in *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946):

Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petition-

ers could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. *Id.* at 682, 66 S.Ct. at 776.

Unless a constitutional claim is clearly immaterial and "made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous" a federal court should not dismiss it for lack of jurisdiction. Rather, the court should accept jurisdiction and then subject the claim to the tests required for a Rule 12(b)(6) motion or a motion for summary judgment under Rule 56. *See Suthoff v. Yazoo County Industrial Development Corp.*, 637 F.2d 337 (5th Cir.), *reh'g denied*, 642 F.2d 822 (5th Cir.1981), *cert. denied*, 454 U.S. 1157, 102 S.Ct. 1032, 71 L.Ed.2d 316 (1982).

Even this cautious procedure has been criticized as establishing a three-tier analysis which is inconsistent with Rule 12(b), *see Yazoo County Industrial Development Corp. v. Suthoff*, 454 U.S. 1157, 102 S.Ct. 1032, 71 L.Ed.2d 316 (1982) (Rehnquist, J., dissenting),[1] but it is the law in this circuit.

■ Because the constitutional claims raised in plaintiff's complaint have not been decided in this circuit, this court cannot find as a matter of law that they are wholly frivolous and insubstantial. This court, therefore, must take jurisdiction to determine the merits of plaintiff's claim. *See Stone Mountain Game Ranch, Inc. v. Hunt,* 570 F.Supp. 238 (N.D.Ga.1983). Rule 12(b) of the Federal Rules of Civil Procedure requires that when a motion to dismiss for failure to state a claim is accompanied by matters outside the pleadings, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ...." The local rules of this court require that any motion for summary judgment be accompanied by a short concise statement of material facts which are not in dispute and a separate memorandum of law setting forth the reasons why the motion should be granted. Local Rules 91.1 and 91.72. Defendant is

---

**1.** Justice Rehnquist, in arguing that the Court should have granted the petition for certiorari, wrote:

> The far more fundamental issue, I think, is that the decision of the Court of Appeals in this case reveals enough differences of approach among the Federal Courts of Appeals in deciding whether the federal question alleged in a complaint is "wholly insubstantial and frivolous" within the meaning of *Bell,* to suggest a need for clarification of *Bell* itself. The Court of Appeals quite accurately recognized that *Bell* created, in cases seeking recovery directly under the Constitution or laws of the United States, three tiers of review. The first tier was where the complaint stated a claim found to be wholly insubstantial and frivolous, in which case it could be dismissed *for want of jurisdiction.* The second tier was where the complaint stated a claim *not* wholly insubstantial and frivolous, in which case the federal court could not dismiss the complaint for lack of jurisdiction, but could dismiss it for failure to state a claim upon which relief may be granted. In other words, at the second-tier level, the federal court might find

> simply on the basis of the allegations of the complaint that no triable constitutional issue was raised, and accordingly dismiss it on that ground. The third tier of review would be where the federal court finds the *allegations of the complaint* sufficient to state a constitutional claim, and accordingly requires further pleadings, discovery, and perhaps eventually a trial on the merits to determine whether the plaintiff can prove the allegations of his complaint. 454 U.S. 1157, 1160, 102 S.Ct. 1032, 1034, 71 L.Ed.2d 316.

Justice Rehnquist argued that this three-tier analysis was inconsistent with Rule 12(b) of the Federal Rules of Civil Procedure, "which quite clearly contemplates only a two-tiered standard of review of a complaint on a motion to dismiss." Justice Rehnquist argued that whether the allegations of the complaint stated a claim upon which relief could be granted was a question of law for the court to decide. If the allegations taken as true do not state a claim, then the action should be dismissed. If they do state a claim, then the action should proceed to trial or, if appropriate, summary judgment. *Id.* at 1161, 102 S.Ct. at 1035.

granted ten (10) days to submit the materials required for a proper motion for summary judgment. Plaintiff is granted an additional twenty (20) days from the date he receives defendant's material to file his response. The court DEFERS consideration of the constitutional claims until the time provided for above has expired. If defendant fails to file the proper materials within ten (10) days, the motion to dismiss for failure to state a claim will be denied.

To clarify, this court has no jurisdiction to review the reasonableness of the award of attorney's fees provided below. However, it does have jurisdiction to determine whether the allegations of plaintiff's complaint, taken as true, state a constitutional claim upon which relief can be granted. Because defendant submitted with its motion materials outside the pleadings, that motion must be treated as one for summary judgment and disposed of accordingly. The parties are DIRECTED to follow the procedures outlined above for disposing of this case on summary judgment. Defendant's motion to dismiss for lack of jurisdiction is, therefore, GRANTED IN PART and DENIED IN PART. Insofar as it must be treated as a motion to dismiss for failure to state a claim, the court DEFERS consideration until thirty (30) days after the date of this order, at which time the Clerk is DIRECTED to resubmit it.