**Awilda ARROYO–TORRES,**
**Plaintiff, Appellant,**

v.

**PONCE FEDERAL BANK, F.B.S., et al., Defendants, Appellees.**

No. 89–2029.

United States Court of Appeals,
First Circuit.

Heard May 8, 1990.
Decided Nov. 6, 1990.

Before BREYER, Chief Judge, CYR, Circuit Judge, and PETTINE,* Senior District Judge.

CYR, Circuit Judge.

Awilda Arroyo–Torres appeals from a judgment entered by the United States District Court for the District of Puerto Rico dismissing her complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the complaint did not state a federal claim. We affirm.

# I

## BACKGROUND

As the present appeal challenges an allowance of a motion to dismiss, all allegations in the complaint are construed in favor of the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Appellant was employed from 1981 until 1988 by appellee Ponce Federal Bank, F.S.B. In late 1987, appellant provided information to federal agents investigating federal banking law violations by Ponce Federal Bank. Soon after, appellant informed a bank officer of the pendency of the federal investigation. Appellant was summarily discharged from her employment with the bank in March 1988, allegedly for having cooperated in the federal investigation.

On February 9, 1989, Ponce Federal Bank entered guilty pleas to five felony charges under 31 U.S.C. §§ 5313 and 5322 and was assessed fines totalling two and one half million dollars.[1] On March 16, 1989, appellant filed a complaint with the United States District Court for the District of Puerto Rico, alleging that her discharge was in retaliation for her cooperation with federal investigators and thus violated both federal and state law. The district court dismissed the entire action, including appellant's pendent state law claims, for lack of federal jurisdiction.

Ivonne Gonzales–Morales, for plaintiff, appellant.

Francisco A. Besosa with whom Miguel J. Rodriguez Marxuach and Goldman Antonetti Ferraiuoli Axtmayer & Hertell were on brief, for defendants, appellees.

---

* Of the District of Rhode Island, sitting by designation.

1. Section 5313 requires domestic financial institutions to file reports on certain currency transactions as prescribed by the Secretary of the Treasury. Section 5322 establishes criminal penalties for willful violations of regulations promulgated by the Secretary, including regulations relating to section 5313.

## II

## DISCUSSION

### A.

Appellant's principal contention is that the allegations of her complaint were sufficient to demonstrate federal jurisdiction because her wrongful discharge from employment violated fundamental public policy. Although appellant concedes that no federal statute explicitly grants a right of action to an employee who is wrongfully discharged under these circumstances, she contends that the federal government's interest in the enforcement of federal banking laws is a sufficient basis for finding an implied right of action either under the Currency and Foreign Transaction Reporting Act (CTRA), 31 U.S.C. § 5311 *et seq.,* or under section 1985(2) of the Civil Rights Act of 1861, 42 U.S.C. § 1985(2).

■ As appellant acknowledges, a high hurdle confronts claimants asserting implied rights of action. "[The Supreme] Court has long since abandoned its hospitable attitude towards implied rights of action." *Thompson v. Thompson,* 484 U.S. 174, 190, 108 S.Ct. 513, 521–22, 98 L.Ed.2d 512 (1988) (Scalia, J., concurring in judgment). In determining whether a private right of action is implied in a federal statute, "our focus must be on the intent of Congress." *Kwatcher v. Massachusetts Service Emp. Pension Fund,* 879 F.2d 957, 965 (1st Cir.1989) (quoting *Daily Income Fund, Inc. v. Fox,* 464 U.S. 523, 535–36, 104 S.Ct. 831, 838, 78 L.Ed.2d 645 (1984)).

The language of the statute, its legislative history and the structure of the statutory scheme are of particular importance in discovering congressional intent. *See, e.g., Touche Ross & Co. v. Redington,* 442 U.S. 560, 575–76, 99 S.Ct. 2479, 2488–89, 61 L.Ed.2d 82 (1979). Although other factors, such as whether an implied remedy would help effectuate the congressional purpose, *see Cort v. Ash,* 422 U.S. 66, 84, 95 S.Ct. 2080, 2090–91, 45 L.Ed.2d 26 (1975), may be material to the inquiry, "[i]n a case in which neither the statute nor the legislative history reveals a congressional intent to create a private right of action *for the*

*benefit of plaintiff,"* the inquiry is at an end. *Northwest Airlines, Inc. v. Transport Workers,* 451 U.S. 77, 94 n. 31, 101 S.Ct. 1571, 1582 n. 31, 67 L.Ed.2d 750 (1981) (emphasis added); *see also Kwatcher,* 879 F.2d at 965. "[U]nless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Thompson,* 484 U.S. at 179, 108 S.Ct. at 516 (quoting *Northwest Airlines,* 451 U.S. at 94, 101 S.Ct. at 1582).

■ We are unable to discern any congressional intendment to imply a private right of action on the part of an employee who is discharged from her employment for assisting a federal investigation into possible violations of the CTRA by her employer. First, the statutory language is devoid of any intimation that the CTRA was enacted for the special benefit of an identifiable class. *See Northwest Airlines,* 451 U.S. at 92, 101 S.Ct. at 1581; *Cannon v. University of Chicago,* 441 U.S. 677, 689, 99 S.Ct. 1946, 1953, 60 L.Ed.2d 560 (1979). Rather, the CTRA was enacted for the protection of the general public; it confers no private rights upon any identifiable class. Second, appellant points to nothing in the legislative history which would indicate a congressional intent to confer a private right of action upon persons who cooperate with federal authorities investigating CTRA violations. Third, the CTRA prescribes a comprehensive remedial scheme. The Secretary of the Treasury is empowered to prosecute civil actions to enjoin violations and enforce compliance with the CTRA, *see id.* § 5320, and to recover civil penalties for CTRA violations, *see* 31 U.S.C. § 5321. Criminal penalties are prescribed for willful violations of the CTRA. *See id.* § 5322. *See also United States v. Penagaricano-Soler,* 911 F.2d 833, 841–46 (1st Cir.1990). Finally, and perhaps most importantly for present purposes, the Secretary of the Treasury is expressly authorized to offer rewards to cooperating individuals who provide original information relating to violations of the CTRA. *See* 31 U.S.C. § 5323.

Appellant urges us to find an *implied* right of action on the part of bank employees who cooperate by providing federal investigators with information relating to CTRA violations, on the ground that failure to do so would have a chilling effect on the enforcement of the CTRA. Appellant's contention is deprived of any force by the CTRA's express authorization of substantial monetary rewards to nongovernmental employees for information leading to the recovery of fines or penalties in excess of $50,000 for CTRA violations. *See id.*

Thus, the pervasive and integrated enforcement scheme established under the CTRA makes it most unlikely that " 'Congress absentmindedly forgot to mention an intended private action.' " *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 20, 100 S.Ct. 242, 247, 62 L.Ed.2d 146 (1979) (quoting *Cannon,* 441 U.S. at 742, 99 S.Ct. at 1981).

> The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement.... The judiciary may not, in the face of such comprehensive legislative schemes, fashion new remedies that might upset carefully considered legislative programs.

*Northwest Airlines,* 451 U.S. at 97, 101 S.Ct. at 1583–84 (refusing to fashion federal common law right to contribution under Equal Pay Act or Title VII).

■ Appellant's alternative contention that section 1985(2) creates an implied right of action in these circumstances is similarly devoid of merit. Appellant essentially argues that Ponce Federal Bank interfered with her civil right to testify to a matter pending in a court of the United States by discharging her from her employment.[2] Yet, as the plain language of the statute and its legislative history indicate, section 1985(2) "was intended to protect against direct violations of a party or witness's

right to attend or testify in federal court." *Kimble v. D.J. McDuffy, Inc.,* 648 F.2d 340, 348 (5th Cir.1981) (discussing legislative history). The complaint in the present case does not allege that the appellant was prevented from testifying in a federal court, but rather that she was discharged because she provided information to federal investigators concerning CTRA violations by her employer. It is crystal clear that section 1985(2) was not intended to create a federal tort remedy for employer-employee grievances. *See id.*

## B.

The second claim on appeal is that the district court erroneously dismissed the complaint without first determining whether it states a claim under any other federal statute. Appellant contends in particular that her complaint alleges a civil RICO claim under 18 U.S.C. § 1964(c). As it is raised for the first time on appeal, however, we need not entertain appellant's contention that the dismissed complaint stated a claim under a statute "nowhere referred to ... in the [ ] complaint" and never asserted during the district court proceedings, "either before or after judgment was entered." *Arzuaga–Collazo v. Oriental Federal Savings Bank,* 913 F.2d 5, 7 (1st Cir.1990) (rejecting contention that a complaint asserting civil RICO claims likewise alleged claim under Thrift Institutions Restructuring Act, 12 U.S.C. § 1464(q)); *see also Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 22 (1st Cir.1989).

## C.

Appellant's third and final contention is that dismissal for want of jurisdiction was improper because her complaint was not wholly frivolous. Appellant invites attention to the holding in *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), where the Supreme Court counseled

---

**2.** 42 U.S.C. § 1985(2) provides in relevant part: If two or more persons ... conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any

matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having testified ... [the injured party may have an action for recovery of damages].

that jurisdictional dismissals in actions premised on federal question jurisdiction are the exception to the rule and are proper only "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous." *See also Ortiz de Arroyo v. Barcelo,* 765 F.2d 275 (1st Cir.1985). There is no need or reason to venture into the "legal minefield" laid down by *Bell. See Yazoo County Indus. Development Corp. v. Suthoff,* 454 U.S. 1157, 1159, 102 S.Ct. 1032, 1033, 71 L.Ed.2d 316 (1982) ("I have nothing but sympathy for those who seek to divine [*Bell*'s] meaning.") (Rehnquist, J., dissenting from denial of certiorari) (§ 1983 action).

 Appellant asserted an implied right of action in the district court. "[I]t has long been recognized that where a plaintiff asserts that a private right of action is implied from federal law, federal courts do have the requisite subject matter jurisdiction to determine whether such a federal remedy exists." *Till v. Unifirst Federal Sav. & Loan Ass'n,* 653 F.2d 152, 155 n. 2 (5th Cir.1981); *see also Burks v. Lasker,* 441 U.S. 471, 476 n. 5, 99 S.Ct. 1831, 1836 n. 5, 60 L.Ed.2d 404 (1979) ("The question whether a [private] cause of action exists is not a question of jurisdiction....."); *Evansville, Ind. v. Kentucky Liquid Recycling,* 604 F.2d 1008, 1011 n. 4 (7th Cir.1979) (same). Thus, the complaint should have been dismissed for failure to state a claim under Rule 12(b)(6). *Id.* Nevertheless, "we are not bound by the label employed below, and we agree that the case should have been dismissed." *Carr v. Learner,* 547 F.2d 135, 137 (1st Cir.1976) (citations omitted); *see also LFC Lessors, Inc. v. Pacific Sewer Maintenance,* 739 F.2d 4 (1st Cir.1984); *Chiplin Enterprises v. Lebanon,* 712 F.2d 1524 (1st Cir.1983).

*Affirmed.*