[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1382

RADHAMES PEREZ, d/b/a R&G Ultra Service,

Plaintiff, Appellant,

v.

THE FIRST NATIONAL BANK OF BOSTON, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

Radhames Perez on brief pro se.
Lawrence J. Crowley, Jr., David W. Fanikos and Riemer &
Braunstein on brief for appellee The First National Bank of Boston.
Donald K. Stern, United States Attorney, and John A. Capin,
Assistant U.S. Attorney, on Memorandum in Support of Motion to
Dismiss for appellee Small Business Administration.

December 30, 1998

Per Curiam. Appellant Rhadames Perez appeals from the district court's
dismissal of his lawsuit, which asserted federal claims under the Small Business Act, 15
U.S.C. 631 et seq., the Small Business Capital Enhancement Act, 12 U.S.C. 4741 et seq.,
the Fifth Amendment of the United States Constitution and state law. We affirm for the
following reasons.
First, the district court dismissed the suit against the former First National Bank
of Boston for lack of jurisdiction, citing Fed. R. Civ. P. 12(b)(1). Although we think that its
dismissal should have been for failure to state a claim for relief, rather than for lack of
jurisdiction, see Arroyo-Torres v. Ponce Federal Bank, F.B.S., 918 F.2d 276, 280 (1st Cir.
1990) (ruling that a dismissal based on the lack of a private right of action is for failure to state
a claim for relief under Fed. R. Civ. P. 12(b)(6) and not for lack of jurisdiction under Fed. R.
Civ. P. 12(b)(1)); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188-91 (2d
Cir. 1996) (same with respect to a dismissal based on the nonapplicability of a federal statute,
and also noting that, where the plaintiff has alleged an action arising under federal statutes, the
court has jurisdiction to determine whether the statute applies), we affirm because Perez has
not challenged these dispositions on appeal. See United States v. Benavente Gomez, 921 F.2d
378, 386 (1st Cir. 1990) (holding that an appellant waives issues not adequately addressed in
its appellate brief). On appeal, Perez has proffered the existence of a new, allegedly viable
claim. Because he did not present this claim to the district court, when he objected to the
bank's motion to dismiss and to the magistrate judge's report and recommendation advocating
dismissal, we do not consider it now. See United States v. Palmer, 956 F.2d 3, 6 (1st Cir.
1992) (holding that an issue not presented to the trial court cannot be raised for the first time
on appeal).
Second, the district court properly dismissed the complaint against the
individual defendant, Heriberto Hernandez, for lack of diversity or federal question
jurisdiction. 
Finally, we affirm the court's dismissal of the action against the Small Business
Administration. On appeal, Perez indicated that he was bringing a claim under Bivens v. Six
Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). In FDIC v. Meyer, 510 U.S. 471
(1994), the Supreme Court held that Bivens suits cannot be brought against federal agencies. 
Accordingly, the district court lacked jurisdiction over this claim. See Steel Co. v. Citizens
for a Better Environment, 118 S. Ct. 1003, 1010 (1998) (holding that a suit is wholly frivolous
and may be dismissed for lack of subject matter jurisdiction when the claim is barred by
Supreme Court precedent) (citations omitted). Given its lack of jurisdiction, the court did not
err in dismissing the suit without giving Perez prior notice or opportunity to respond. See In
re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (stating that federal courts have
a "duty to inquire, sua sponte, whether a valid basis for jurisdiction exists, and to dismiss the
action if no such ground appears"). For the same reason, it did not err or abuse its discretion
in denying Perez's motion for default judgment.
The judgment of the district court is affirmed, but we modify the court's order
to provide for the dismissal of any state law claims without prejudice.