**Albert COPAKEN and Sylvia Copaken, Appellants,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Appellee.**

**No. 78–1311.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1978.

Decided Jan. 11, 1979.

Rehearing Denied Jan 30, 1979.

---

Albert Copaken and Sylvia Copaken, pro se.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Ronald S. Reed, Jr., U. S. Atty., Kansas City, Mo., and Robert E. Kopp, and Terrence G. Jackson, Attys., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., for appellee.

Before LAY and BRIGHT, Circuit Judges, and HARPER,* Senior District Judge.

PER CURIAM.

Attorneys Sylvia and Albert Copaken were successful in obtaining on behalf of their client past due social security disability insurance benefit payments under subchapter II of the Social Security Act (the Act), 42 U.S.C. § 401 et seq. (1976). They filed a petition with the Social Security Administration for attorney's fees of $3,641, representing 25 per cent of the benefit awarded. *See id.* § 406(a); 20 C.F.R. §§ 404.975–.977 (1978). The Secretary awarded them a fee of $1,100, which was increased to $1,650 after an administrative appeal. *See id.* § 404.975(e). The Copakens thereafter petitioned for review in federal district court, asserting jurisdiction under Sections 405(g), (h) and 406 of the Act, and under the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (1976).[1] They alleged the fee determination was arbitrary, capricious and an abuse of discretion, and further that the Secretary's failure to provide an evidentiary hearing violated the due process clause of the Fifth Amendment. They requested the fee determination be set aside and the case remanded for the Secretary to set a reasonable and adequate fee.

The district court dismissed the petition for want of jurisdiction. On appeal, the Copakens assert that: (1) Sections 405(g) and (h) of the Act grant limited jurisdiction to review an attorney's fee award for an abuse of discretion, and that (2) federal jurisdiction exists over their constitutional claims.

The Act provides that attorneys who successfully obtain past due benefit awards for claimants in proceedings before the Social

---

* Roy W. Harper, Senior District Judge, Eastern and Western Districts of Missouri, sitting by designation.

1. Reliance on the Administrative Procedure Act for jurisdiction is, of course, precluded by *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

Security Administration shall receive payment for their services. 42 U.S.C. § 406(a). The Secretary is to certify for payment out of the past due benefits the smallest of three possible amounts: (1) 25 per cent of the total benefit award, (2) the fee agreed upon between attorney and claimant, or (3) a reasonable fee fixed by the Secretary. *Id.* The Secretary's discretionary authority is so broad and exclusive that fee determination has been held to be an action committed to agency discretion within the meaning of Section 701(a)(2) of the Administrative Procedure Act, *supra*, and therefore not judicially reviewable. *Chernock v. Gardner*, 360 F.2d 257 (3d Cir. 1966); *Schneider v. Richardson*, 441 F.2d 1320 (6th Cir.), *cert. denied*, 404 U.S. 872, 92 S.Ct. 101, 30 L.Ed.2d 117 (1971). *See also Fenix v. Finch*, 436 F.2d 831, 838 (8th Cir. 1971).

■ Relying primarily on *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), and *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), petitioners argue the Secretary's fee determination is reviewable under Section 405(g) of the Act.[2] Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders, supra*, 430 U.S. at 108, 97 S.Ct. at 985. The Secretary's regulations do not provide for a hearing on an attorney's petition for fees. We are not persuaded that Congress intended to include attorneys when it provided either for hearings upon the request of "any individual applying for a payment under this subchapter," 42 U.S.C. § 405(b), or for judicial review of a final decision when requested by a "party" to a hearing. *Id.* § 405(g); *see Goodell v.*

*Flemming*, 179 F.Supp. 806, 808 (W.D.N.Y. 1959). Judicial review not provided for in § 405(g) is foreclosed by § 405(h).[3] *Mathews v. Eldridge*, 424 U.S. 319, 327, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). We therefore affirm the district court's holding that it lacked subject matter jurisdiction to review the Secretary's fee determination for an abuse of discretion.

■ Petitioners additionally urge that the district court erred in dismissing their alleged constitutional claim. They assert there was a denial of due process for failure to hold an evidentiary hearing and for interference with their contractual relationship with their client. Section 405(g) has been construed to provide jurisdiction under certain circumstances for adjudication of colorable constitutional claims raised in connection with a claim for benefits under the Act, even when the requirements imposed by § 405(g) for review of the decision on the substantive claim have not been met. *See Califano v. Sanders, supra*, 430 U.S. at 109, 97 S.Ct. 980; *Mathews v. Eldridge, supra*, 424 U.S. at 326–32, 96 S.Ct. 893; *Weinberger v. Salfi, supra*, 422 U.S. at 762–67, 95 S.Ct. 2457. In the instant case, however, we determine no colorable constitutional claims are raised so as to invoke jurisdiction. *Cf. Cervoni v. Secretary H. E. W.*, 581 F.2d 1010, 1017 (1st Cir. 1978).

Assuming that the Copakens have a legitimate claim of entitlement to a fee, created by 42 U.S.C. § 406(a), and thus a property interest protected against arbitrary governmental action by procedural due process, *see Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Richardson v. Perales*, 402 U.S. 389, 401–02, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), they

---

**2.** Section 405(g) provides in part:

 (g) Judicial review

 Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

**3.** Section 405(h) provides:

 (h) Finality of Secretary's decision.

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under sections 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.

are not therefore necessarily entitled to an evidentiary hearing. Rather, the inquiry is what procedural protections the particular situation demands, in light of governmental and private interests affected. *Mathews v. Eldridge, supra,* 424 U.S. at 334, 96 S.Ct. 893; *Richardson v. Perales, supra.*

Presently, an attorney files a written petition for a fee which itemizes services, the time spent on each service and expenses incurred. 20 C.F.R. §§ 404.975(b), –.976(a). The amount requested for services, including services before a court, must be given, and a statement that a copy of the petition was sent to the person represented. *Id.* The factors considered in evaluating a petition are set forth in the regulations. *Id.* § 404.976(b).[4] The decision is made by an official of the appropriate agency when representation is concluded after an initial, reconsidered or revised determination. *Id.* § 404.975(b). It is made by the Bureau of Hearings and Appeals when a decision by an administrative law judge or the Appeals Council is involved. *Id.* Notice of the fee determination is sent to both attorney and client, along with notice of each party's right to request administrative review in writing within 30 days. *Id.* § 404.975(d). Review is granted upon request and notice to the party by an official who did not participate in the initial determination. *Id.* § 404.975(e). Written notice is mailed to attorney and client. *Id.*

The governmental action in question here is not alteration or deprivation of a statutory entitlement, but rather determination of its extent or amount in a particular case. Furthermore, the action is one entrusted exclusively to agency discretion. We hold, therefore, that in this situation the procedures described above provide adequate protection. In an analogous situation, a court may determine attorney's fees for services performed before it on the basis of the record, its knowledge and expertise, and affidavits, without holding a hearing. *Twentieth Century-Fox Film Corp. v. Brookside Theatre Corp.,* 194 F.2d 846, 859 (8th Cir.), *cert. denied,* 343 U.S. 942, 72 S.Ct. 1035, 96 L.Ed. 1348 (1952); *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161, 169 (3d Cir. 1973). In addition, a legitimate and commendable governmental interest in utilizing maximum amounts of time and money on behalf of those the Act was primarily intended to benefit could be seriously impeded by provision of full evidentiary hearings on attorney petitions for fees.

■ The Copakens' claim based on their contractual relationship with their clients is equally insubstantial. Congressional regulation of the amount of fees granted attorneys representing claimants for benefits created by an Act of Congress does not deprive an attorney of property or liberty in violation of the Fifth Amendment. *Hines v. Lowrey,* 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed.

---

4. Section 404.976(b) provides:

(b) *Factors considered in evaluating a petition for fee.* In evaluating a request for approval of a fee, the purpose of the social security program—to provide a measure of economic security for the beneficiaries thereof—will be considered, together with the following factors:

(1) The services performed (including type of service);

(2) The complexity of the case;

(3) The level of skill and competence required in rendition of the services;

(4) The amount of time spent on the case;

(5) The results achieved. (While consideration is always to be given to the amount of benefits, if any, which are payable in a case, the amount of the fee will not be based on the amount of such benefits alone but on a consideration of all of the factors listed in this section. The benefits payable in a given claim are governed by specific statutory provisions and by the occurrence of termination, deduction, or nonpayment events specified in the law, factors which are unrelated to efforts of the representative. In addition, the amount of accrued benefits payable in a given claim is affected by the length of time that has elapsed since the claimant became entitled to benefits.);

(6) The level of administrative review to which the claim was carried within the Social Security Administration and the level of such review at which the representative entered the proceedings; and

(7) The amount of the fee requested for services rendered, excluding the amount of any expenses incurred, but including any amount previously authorized or requested.

56 (1938); *Margolin v. United States*, 269 U.S. 93, 46 S.Ct. 64, 70 L.Ed. 176 (1925); *Calhoun v. Massie*, 253 U.S. 170, 174, 40 S.Ct. 474, 64 L.Ed. 843 (1920); *cf. Hoffmaster v. Veterans Administration*, 444 F.2d 192 (3d Cir. 1971); *Gendron v. Saxbe*, 389 F.Supp. 1303 (C.D.Cal.1975) (three-judge court) (fee limitation does not deprive claimant of right to counsel).

Accordingly, the order of dismissal for lack of subject matter jurisdiction is affirmed.