**Nasir Abdur RAHMAN, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 79–73993.**

United States District Court,
E. D. Michigan, S. D.

May 29, 1980.

Nasir Abdur Rahman, pro se.

L. Michael Wicks, Asst. U. S. Atty., Detroit, Mich., for defendant.

MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Plaintiff applied for and eventually received disability benefits under Subchapter II of the Social Security Law, 42 U.S.C. § 401 *et seq.* Following the decision by the Secretary of Health, Education and Welfare to grant these benefits to the plaintiff, the attorney who represented plaintiff before the secretary asked the secretary to award him attorney's fees for the work he did in securing the benefits for the plaintiff. The secretary did make such an award.

Plaintiff, believing that the secretary erred in making the award, filed this suit in an attempt to have the award set aside. The secretary, claiming that this court has no jurisdiction over the issues in this suit, has moved for an order of dismissal. The secretary simply asserts that the case law is clear that a court has no jurisdiction when an attorney appeals from a ruling relative to attorney's fees and that the same rule should apply when the claimant appeals from an allegedly excessive award. For the reasons that follow, the motion is granted.

Since the issue presented involves the power of the district court to decide suits arising out of decisions by the secretary, it is helpful to examine the framework of this power.

Title 42 of the United States Code, Section 405(g) (hereafter 405(g)), is the section of the Social Security law which provides for judicial review in some circumstances. It provides in part that:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . [in the district court of the United States].

Title 42 of the United States Code, Section 405(h), provides that the limited review that is permitted by 405(g) is the only judicial review that may be had under this subchapter. The Supreme Court has held that this limitation on judicial review is absolute and that not even the Administrative Procedure Act provides an additional avenue of judicial review. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

Therefore, it is clear that if this court has jurisdiction over the case at bar, it must be that the suit is authorized by 405(g).

Plaintiff agrees with the position of the secretary that there was no "hearing" at the administrative level in this case. Plaintiff disagrees, however, with the secretary's argument that this lack of a hearing is fatal to the plaintiff's assertion that the district court has jurisdiction over this suit.

The wording of 405(g) is such that the secretary's position is a compelling one. However, in *Califano v. Sanders, supra,* the Supreme Court held that despite the wording of that jurisdictional subsection, the district courts do have jurisdiction to hear claims that the secretary has deprived applicants of constitutional rights. "when constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the 'extraordinary' step of foreclosing jurisdiction unless Congress' intent to do so is manifested by ' "clear and convincing" ' evidence." [citations omitted] 430 U.S. at 109, 97 S.Ct. at 986.

The court reads plaintiff's *pro se* complaint as presenting a constitutional question. Therefore, the court is not without jurisdiction to determine the issues involved.

In support of the motion to dismiss, the secretary cites to a number of cases in which attorneys who had represented applicants before the secretary and who had asked the secretary to award attorney's fees to them for this representation unsuccessfully attempted to have the courts overturn what the attorneys believed were unsupportably low awards. *Chernock v. Gardner*, 360 F.2d 257 (3rd Cir. 1966); *Fenix v. Finch*, 436 F.2d 831 (8th Cir. 1971); *Schneider v. Richardson*, 441 F.2d 1320 (6th Cir.), *cert. denied* 404 U.S. 872, 92 S.Ct. 101, 30 L.Ed.2d 117 (1971); *Copaken v. Secretary of Health, Education and Welfare*, 590 F.2d 729 (8th Cir. 1979).

Each of these cases held that the district court had no power to overturn such an award upon a finding that the secretary had abused her discretion. To the extent that plaintiff seeks to make a similar claim, this court holds that he is in no better position than the attorneys to raise such an issue.

While an applicant may have some rights to judicial review which are not available to an attorney representing an applicant, none of those would benefit him in this situation since the decision on a request for an attorney's fee is not one which triggers the right to a hearing under 405(b), and since the applicable regulations do not provide for a hearing for either the attorney or the applicant. See *Copaken, supra*.

Plaintiff alleges more than this, however. He alleges that the proceedings which eventually led up to the final award of attorney's fees were such as to have denied him property (the money taken away from him and paid instead to his attorney) without due process of law.

In *Copaken v. Secretary of Health, Education and Welfare, supra*, an attorney made a similar claim. There, the court carefully looked at the procedure set out in the regulations for the handling of a request for attorney's fees, and it held that this procedure was sufficient to satisfy the rigors of constitutional due process despite the absence of any "hearing."

The procedure found to satisfy due process in *Copaken* is as follows:

1. After the secretary makes a decision which entitles an applicant to back benefits, an attorney desiring an award of fees must file a written petition asking therefor. 20 C.F.R. § 404.975(b).[1]

---

1. 20 C.F.R. § 404.975 provides:

(a) *General.* A fee for services performed for an individual before the Social Security Administration in any proceeding under titles II or XVIII of the Act may be charged and received only as provided in paragraph (b) of this section.

(b) *Charging and receiving fee.* An individual who desires to charge or receive a fee for services rendered for an individual in any proceeding under titles II or XVIII of the Act before the Administration (see § 404.977a), and who is qualified under § 404.972, must file a written petition therefor in accordance with § 404.976(a). The amount of the fee he may charge or receive, if any, shall be determined on the basis of the factors described in § 404.976(b) by an authorized official of the appropriate component of the Administration, where the services were concluded by an initial, reconsidered, or revised determination, or by the Bureau of Hearings and Appeals where there is a decision or action by an Administrative Law Judge or the Appeals Council of the Social Security Administration, as the case may be. Every such fee which is charged or received must be approved as provided in this section and no fee shall be charged or received which is in excess of the amount so approved. This rule shall be applicable whether the fee is charged to or received from a party to the proceeding or someone else. Pursuant to section 206(a) of the Act, in the case of a representative qualified as an attorney under § 404.972(a), the Administration may certify the amount of such fee, subject to the limitations in § 404.977(b), for payment out of, but not in addition to, the amount of past-due benefits payable.

(c) *Past-due benefits defined.* The term "past-due benefits" as used in paragraph (b) of this section means the total accumulated amount of benefits payable under title II of the Act by reason of the favorable determination through the month prior to the month such determination is effectuated.

(d) *Notice of fee determination.* Written notice of a fee determination made in accordance with paragraph (b) of this section shall be mailed to the representative and the claimant at their last known addresses. Such notice shall inform the parties of the amount of the fee authorized, the basis of the determination, the fact that the Administration assumes no responsibility for payment except that pursuant to section 206(a) of the Act the Administra-

2. The written petition must include, among other things, "[A] statement showing that a copy of the petition was sent to the person represented." See 20 C.F.R. § 404.976(a)(7).[2]

tion may certify payment to an attorney, and that each party may request an administrative review of the determination within 30 days of the date of the notice.

(e) *Administrative review of fee determination.* (1) *Request timely filed.* Administrative review of a fee determination will be granted if either the representative or the claimant files a written request for such review at an office of the Social Security Administration within 30 days after the date of the notice of the fee determination. The party requesting the review shall send a copy of the request to the other party. An authorized official of the Administration who did not participate in the fee determination in question will review the determination. Written notice of the decision made on the administrative review shall be mailed to the representative and the claimant at their last known addresses.

(2) *Request not timely filed.* Where the representative or the claimant files a request for administrative review, in accordance with paragraph (e)(1) of this section, but more than 30 days after the date of the notice of the fee determination, the person making the request shall state in writing the reasons why it was not filed within the 30-day period. The Social Security Administration will grant the review only if it determines that there was good cause for not filing the request timely. For purposes of this section, "good cause" is defined as any circumstance or event which would prevent the *representative or the claimant from filing the* request for review within such 30-day period or would impede his efforts to do so. Examples of such circumstances include the following:

(i) The representative or claimant was seriously ill or had a physical or mental impairment and such illness prevented him from contacting the Social Security Administration in person or in writing;

(ii) There was a death or serious illness in the individual's family;

(iii) Pertinent records were destroyed by fire or other accidental cause;

(iv) The representative or claimant was furnished incorrect or incomplete information by the Social Security Administration about his right to request review;

(v) The individual failed to receive timely notice of the fee determination;

(vi) The individual transmitted the request to another government agency in good faith within such 30-day period and the request did not reach the Social Security Administration until *after such period had expired.*

The Social Security Administration assumes no responsibility for the payment of a fee based on a revised determination where the request for administrative review was not filed timely.

3. When the initial decision on the petition is made, the secretary is to notify both the applicant and the representative (attorney) of the decision. This notice must include a statement advising the applicant

(See § 404.977(b) for payment of attorney fees authorized by the Administration.)

2. 20 C.F.R. § 404.976 provides:

(a) *Filing of petition.* In accordance with § 404.975, to obtain approval of a fee for services performed before the Social Security Administration in any proceeding under the Act, a representative, upon completion of the proceedings in which he rendered services, must file at an office of the Social Security Administration a written petition which shall contain the following information:

(1) The dates his services began and ended;

(2) An itemization of services rendered by him in a proceeding under the Act, with the amount of time spent in hours, or parts thereof, on each type of service;

(3) The amount of the fee he desires to charge for services performed;

(4) The amount of fee requested or charged for services rendered in the same matter before any State or Federal court;

(5) The amount and itemization of expenses incurred for which reimbursement has been made or is expected;

(6) The special qualifications which enabled him to render valuable services to the claimant (this requirement does not apply where the representative is an attorney); and

(7) A statement showing that a copy of the petition was sent to the person represented.

(b) *Factors considered in evaluating a petition for fee.* In evaluating a request for approval of a fee, the purpose of the social security program—to provide a measure of economic security for the beneficiaries thereof—will be considered, together with the following factors:

(1) The services performed (including type of service);

(2) The complexity of the case;

(3) The level of skill and competence required in rendition of the services;

(4) *The amount of time spent on the case;*

(5) The results achieved. (While consideration is always to be given to the amount of benefits, if any, which are payable in a case, the amount of fee will not be based on the amount of such benefits alone but on a consideration of all of the factors listed in this section. The benefits payable in a given claim are governed by specific statutory provisions and by the occurrence of termination, deduction, or nonpayment events specified in the law, factors which are unrelated to efforts of the representative. In addition, the amount of accrued benefits payable in a given claim is affected by the length of time that has elapsed since the claimant became entitled to benefits.);

and that representative that either may appeal the decision within the agency by a written request to do so filed within 30 days. 20 C.F.R. § 404.975(d), (e).

4. Any person (applicant or representative) who decides to appeal the initial determination must serve a copy of the request for review upon the other party. 20 C.F.R. § 404.975(e).

5. When the proper decision maker within the agency has determined the appeal, notice of this final decision is sent to the parties. 20 C.F.R. § 404.975(e).

■ This court agrees that the system is sufficient to satisfy due process. Even though there is no provision for a hearing, all interested parties have a chance to put their views before the ultimate decision maker. To provide full hearings on these petitions would be to divert too many of the agency's resources from the substantive tasks it is called upon to perform. See *Copaken, supra.*

The determination that the system as set out in the regulations satisfies due process does not end the inquiry. In this case, plaintiff claims that some of the steps in the system were not followed and that the failures amounted to a denial of due process. As the court in *Copaken* noted, this system is a good one, but it is good only when it is carried out fully.

Plaintiff claims that he never received a copy of the attorney's initial petition for attorney's fees (see Step 2). He further complains that he did not receive a copy of either the initial determination by the secretary (see Step 3) or the attorney's subsequent request for review of this initial determination (see Step 4).

If all of these claims turned out to be true, and if, as a result, plaintiff was denied a full and fair opportunity to put his position before the decision maker, this court would be compelled to find a denial of plaintiff's right to due process.

In this case, however, plaintiff, in his own complaint, has made it evident that whatever failures there may have been, the secretary, by providing the plaintiff with an additional opportunity to present his arguments, has cured the defects and provided plaintiff with due process.

Paragraph 8 of the plaintiff's complaint indicates that plaintiff received a letter from the secretary, which letter informed the plaintiff (1) that plaintiff's attorney had petitioned for an award of attorney's fees; (2) that that petition had been granted in part; (3) that the attorney had appealed that decision; and (4) that plaintiff would be given an opportunity to respond to the claims made by the attorney on appeal.

This letter does not appear to be a part of the ordinary procedure under the regulations. However, even if the regulations themselves were violated, the question remains whether or not the plaintiff's rights to due process of law were violated. This is a question of fairness and the entire context must be considered. *United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979). If this letter provided a fair opportunity to the plaintiff to present his position to the decision maker, any missteps in the procedure as it is set out in the regulations would have been harmless ones.

Paragraph 10 of the plaintiff's complaint, along with Exhibit E to that complaint, shows (1) that the plaintiff did submit a letter regarding the attorney's appeal to the secretary, and (2) that the secretary did consider that submission in making the determination of the appeal.

■ Thus, it is clear that, despite the claimed procedural missteps, plaintiff was given a full and fair opportunity to present his position with respect to the attorney's request for fees. It is also clear that this position was in fact articulated to and considered by the decision maker prior to the

---

(6) The level of administrative review to which the claim was carried within the Social Security Administration and the level of such review at which the representative entered the proceedings; and

(7) The amount of the fee requested for services rendered, excluding the amount of any expenses incurred, but including any amount previously authorized or requested.

final decision. For this reason, the court finds that any failure of either the secretary or the attorney to comply with the regulations was harmless as a matter of law, and that there is no merit to the constitutional claim of the plaintiff. Therefore, the secretary's motion is granted.

So ordered.