**Michael CARVER**

v.

**Margaret HECKLER, Secretary of Health and Human Services.**

Civ. A. No. 82–329.

United States District Court, D. Vermont.

July 12, 1983.

Michael Carver, Montpelier, Vt., for plaintiff.

Holly K. Harris, Asst. U.S. Atty., Rutland, Vt., for defendant.

COFFRIN, Chief Judge.

In this cause the Honorable Jerome J. Niedermeier, United States Magistrate for this district granted defendant's motion to dismiss for lack of subject matter jurisdiction by written Opinion and Order filed April 6, 1983. Plaintiff's appeal from the magistrate's decision was timely filed on April 13, 1983. On June 27, 1983 the decision was affirmed from the bench by the undersigned district court judge on the strength of the well stated reasons set forth in the magistrate's opinion. The court now ORDERS the magistrate's Opinion and Order of April 6, 1983 to be appended hereto and the same is hereby adopted in all respects as the final opinion of the court in this matter.

## OPINION AND ORDER

JEROME J. NIEDERMEIER, United States Magistrate.

Plaintiff seeks judicial review of the decision of the Secretary of Health and Human Services [1] (hereinafter Secretary) with respect to her award for attorney's fees under 42 U.S.C. § 406(a).[2] This statute authorizes

---

1. This action was initially brought against former Health and Human Services Secretary Richard S. Schweiker. Margaret Heckler, the current Secretary of Health and Human Services is being substituted pursuant to Fed.R. Civ.P. 25(d).

2. The relevant portion of this statute provides: The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this title, and any agreement in violation of such rules and regulation shall be void. Whenever the Secretary, in any claim before him for benefits under this title, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim. If as a result of such determination, such claimant is entitled to past-due benefits under this title, the Secretary shall, notwithstanding section 205(i) [42 USCS § 405(i)], certify for payment (out of such past-due benefits) to such attorney an

the Secretary to award legal fees to the attorneys of successful social security disability applicants. However, plaintiff believes that the Secretary, by awarding attorney's fees in an amount substantially lower than the sum requested by him, abused her statutory discretion, violated plaintiff's constitutional rights and engaged in a course of conduct depriving all claimants' of their constitutional rights. Plaintiff submits that subject matter jurisdiction to bring this action exists under Section 10 of the Administrative Procedures Act (hereinafter APA), 5 U.S.C. §§ 701–706; Section 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) and (h);[3] and the Constitution of the United States.

The Secretary, challenging plaintiff's jurisdictional claim, has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

On January 12, 1983 a hearing was held on the Secretary's motion to dismiss. The parties consented at that time to proceed before the magistrate in accordance with 28 U.S.C. § 636(c).

### Facts

Plaintiff has studied law for six years under the auspices of an attorney. It is his intention to gain admittance to the bar pursuant to Vt.Stat.Ann. tit. 12, Appendix I, Part II, § 3(c) which permits law office study as a substitute for graduation from a law school. During his years of law study, plaintiff has represented numerous social security disability claimants before the Social Security Administration.

This case arose from plaintiff's representation of Paul H. Hood, a disability claimant, in administrative proceedings before the Secretary. After an initial hearing, an appeal and reconsideration, Mr. Hood was awarded $53,260 in past due benefits on August 11, 1981. The Social Security Administration withheld $10,503.75 of the award until final determination of attorney's fees was made under 42 U.S.C. § 406(a).

Plaintiff petitioned the Social Security Administration to award him the entire sum withheld as attorney's fees. This petition was supported by an itemized statement indicating that over 109 hours had been dedicated by plaintiff to the case and by a contract stating that plaintiff and the claimant had entered into a 25% contingency fee agreement. After consideration of plaintiff's petition, Administrative Law Judge (hereinafter ALJ) Milne awarded plaintiff $411 for legal services. ALJ Milne explained that this award was appropriate due to the relative simplicity of the case and plaintiff's status as a law clerk.

Plaintiff subsequently petitioned the Secretary to undertake administrative review of the fee award under 20 C.F.R. § 404.-1720(d). On July 1, 1982 Chief ALJ Jaffee increased plaintiff's fee award to $3,000. No explanation for this action was provided. This decision is not subject to any

---

amount equal to whichever of the following is the smaller: (A) 25 per centum of the total amount of such past-due benefits, (B) the amount of the attorney's fee so fixed, or (C) the amount agreed upon between the claimant and such attorney as the fee for such attorney's services...
42 U.S.C. § 406(a).

**3.** The pertinent portions of this statute state: Any individual, after any final decision of the Secretary *made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice

of such decision or within such further time as the Secretary may allow...
42 U.S.C. § 405(g)
The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 24 of the Judicial Code of the United States to recover on any claim arising under this title. (Emphasis added.)
42 U.S.C. § 405(h).

further review. *See* 20 C.F.R. § 404.-1720(d).[4]

Plaintiff claims that the Secretary's failure to award him the entire amount withheld ($10,503.75) violates his constitutional rights by depriving him of a property right without due process of law. Assumably, plaintiff refers to his contract with the claimant to recover 25% of past due benefits. However, it is also possible that plaintiff claims the fee awarded is so unreasonable that it deprives him of a statutory expectancy created by 42 U.S.C. § 406(a). Related to this claim is plaintiff's contention that the Secretary has engaged in a systematic effort to deprive disability claimants of their constitutional rights. Plaintiff believes that "unofficial" policy dictates the reduction of fee awards in an effort to discourage legal representation in DIB and SSI cases. As such, plaintiff asserts the Secretary has deprived the class of claimants of due process and equal protection of the law.

The Secretary has moved to dismiss this action under Fed.R.Civ.P. 12(b)(1) claiming that there is no basis for subject matter jurisdiction. She maintains that the Supreme Court has precluded reliance on Section 10 of the APA to obtain subject matter jurisdiction absent any other express statutory grant of jurisdiction. Additionally, the Secretary states that Sections 205(g) and (h) read *in pari materia,* bar judicial review of attorney's fee awards under the Social Security Act. Further, the Secretary claims that there is no colorable constitutional claim on which this court can base subject matter jurisdiction. The Secretary states that plaintiff has not been deprived of any property right and that the complaint does not adequately support plaintiff's allegations that disability claimants have been denied legal representation.

4.  (d) Review of fee determination—(1) Request filed on time. We will review the decision we made about a fee if either you or your representative files a written request for the review at one of our offices within 30 days after the date of the notice of the fee determination. Either you or your representative, whoever requests the review, shall mail a copy of the request to the other person. An authorized

*Discussion*

The issue under consideration is whether or not this court has subject matter to consider plaintiff's complaint. We will discuss each of plaintiff's asserted jurisdictional bases in turn.

### A. *The Administrative Procedure Act (APA)*

■ In the complaint, plaintiff asserts that subject matter jurisdiction exists under Section 10 of the APA. However, in *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977), this contention was rejected. Writing for the Court, Justice Brennan stated "[t]he APA does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of agency action." *Id. Califano* involved a situation quite similar to issue presented herein. After a federal district court found that § 205(g) of the Social Security Act precluded judicial review of a complaint based on the Secretary's alleged abuse of discretion, the plaintiff therein alternatively sought subject matter jurisdiction under the APA. Justice Brennan blocked this route and suggested that only colorable constitutional claims could confer subject matter jurisdiction to challenge social security decisions when judicial review was not provided by § 205(g) of the Social Security Act. *Id.* Thus, based on *Califano,* the court holds that § 10 of the APA cannot provide an independent basis for subject matter jurisdiction. *Id.* at 105, 97 S.Ct. at 984.

### B. *Section 205(g) of the Social Security Act*

■ Under § 205(g), judicial review is available to contest "final decisions of the Secretary *made after a hearing* (emphasis

official of the Social Security Administration who did not take part in the fee determination being questioned will review the determination. This determination is not subject to further review. The official shall mail a written notice of the decision made on review both to you and to your representative at your last known address.

20 C.F.R. 404.1720(d).

added)."[5] *Califano, supra* at 108, 97 S.Ct. at 985. The Secretary's fee determinations under 42 U.S.C. § 406(a) may be made without a hearing. *See also* 20 C.F.R. § 404.1720(d) (stating that the Secretary's fee determination under this regulation is not subject to further review). Thus it appears, and several courts have so held, that § 205(g) does not provide courts with subject matter jurisdiction to review attorney fee awards made pursuant to 42 U.S.C. § 406(a). *See Copaken v. Secretary of Health, Education and Welfare,* 590 F.2d 729 (8th Cir.1979); *Thomason v. Schweiker,* 692 F.2d 333 (4th Cir.1982). Judicial review of an administrative decision under the Social Security Act is barred by § 205(h), unless it is provided by § 205(g). *Mathews v. Eldridge,* 424 U.S. 319, 327, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976); *Copaken, supra* at 731. Therefore, the court finds that as

subject matter jurisdiction to review attorney fee decisions is not provided by § 205(g), § 205(h) expressly precludes judicial review of the Secretary's award of attorney's fees.[6]

### C. Constitutional Claims

Plaintiff has asserted two types of Constitutional deprivations. First, he contends the Secretary's award deprived him of due process. Second, he maintains that the award is part of a concerted effort by the Secretary to deprive the class of claimants of their right to due process and equal protection of the law. Although both claims were made, plaintiff's legal memoranda as well as statements made at the hearing on the Secretary's motion indicate his focus on the alleged deprivation of claimants' constitutional rights.

---

**5.** The jurisdictional requirements for § 205(g) of the Social Security Act are 1) a final decision of the Secretary made after a hearing; 2) commencement of a civil action . . .; and 3) filing of the action in the appropriate district court. *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). In this case, plaintiff cannot satisfy the first requirement as attorney fee determinations may be made without a hearing under 42 U.S.C. § 406(a). *See also Califano,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Nevertheless, a question is raised whether judicial review is precluded by § 205(g) when there has been a clear abuse of statutory discretion. If the abuse rises to the level of a constitutional deprivation, there is jurisdiction to consider the claim. *See Califano, supra* and part C of this opinion. However, even where the abuse falls short of a constitutional deprivation, courts have considered jurisdiction present to consider the issue. *See Schweiker v. Gray Panthers,* 453 U.S. 34, 43–44, 101 S.Ct. 2633, 2639–2640, 69 L.Ed.2d 460 (1981) (stating that when Congress has made an express delegation of authority, a court's review is limited to assuring that the Secretary did not exceed his authority); *Garcia v. Neagle,* 660 F.2d 983 (4th Cir.1981), *cert. denied* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982). In the matter under consideration, there is no indication that the Secretary abused his authority. Admittedly the $3,000 award is smaller than plaintiff requested, but it is not so disproportionate to the time spent by plaintiff that it constitutes an abuse of the Secretary's authority.

**6.** Plaintiff's memorandum in opposition to the Secretary's motion to dismiss refers to a num-

ber of cases in which courts have awarded legal fees in social security disability cases equalling 25% of a claimant's recovery of past-due benefits. For example, plaintiff submitted lengthy portions of the court's opinion in *Ex parte Dugan,* 537 F.Supp. 1198 (D.S.C.1982) indicating the importance of adequate recovery of attorney's fees to insure the continued availability of lawyers for disability claimants. *Id.* at 1201. However, *Dugan* did not involve the Secretary's award of legal fees under 42 U.S.C. § 406(a); rather, the court's award was made pursuant to authority provided by 42 U.S.C. § 406(b)(1) in conjunction with its reversal of the Secretary's decision denying disability benefits. Similarly, plaintiff's reliance on *House v. Secretary of Health and Human Services,* 688 F.2d 7 (2d Cir.1982) is misplaced. The issue of the court's subject matter jurisdiction to consider the Secretary's award of legal fees under 42 U.S.C. § 406(a) was not raised. In *House,* the court simply found that, absent a demonstration of extraordinary circumstances, the Secretary was not entitled under Fed.R.Civ.P. 60(b)(6) to relief from a judgment awarding attorney's fees. Thus, while the cases cited by plaintiff demonstrate judicial recognition of the value of adequate attorney fee awards in disability cases, nothing in these cases suggests that a court may review the Secretary's determination of attorney fees under 42 U.S.C. § 406(a). Accordingly, these cases do not persuade the court that it has subject jurisdiction under 42 U.S.C. § 405(g) to review the Secretary's administrative attorney fee determinations.

The Supreme Court has stated that subject matter jurisdiction exists to consider allegations of constitutional violations arising from otherwise non-reviewable decisions made under the Social Security Act. *Califano, supra* 430 U.S. at 109, 97 S.Ct. at 986; *Mathews, supra* 424 U.S. at 326–332, 96 S.Ct. at 898–901; *Weinberger v. Salfi,* 422 U.S. 749, 762–67, 95 S.Ct. 2457, 2465–67, 45 L.Ed.2d 522 (1975). However, there must be colorable constitutional claims before subject matter jurisdiction is conferred. *Copaken, supra* at 731. Thus, the question is raised: Are plaintiff's constitutional claims sufficiently colorable to provide this court with subject matter jurisdiction?

### 1. *Plaintiff's Due Process Rights*

██ Plaintiff claims that he was deprived of a property right without due process of law. His contract with Mr. Hood, however, is conditioned by the terms of the Social Security Act and the regulations promulgated pursuant thereto. Thus, while plaintiff may have had a contract right to 25% of past due benefits paid to Hood, Congress has the power to regulate the fees received by attorneys representing claimants pursuing federal entitlements. *Copaken, supra* at 732 (citing *Hines v. Lowry,* 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56 (1938)).

██ Plaintiff also contends that 20 C.F.R. § 404.1720(d) violates due process by failing to provide further review of the fee determination. First, it must be established that plaintiff has a statutory expectancy in his fee award protected by the Due Process Clause of the Fourteenth Amendment. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Plaintiff has, at most, only a statutory expectancy that the Secretary will award reasonable attorney's fees. This determination, left to the Secretary's discretion and pursuant to § 205(g) and (h) of the Social Security Act, is immune from judicial review absent patent abuse. In this case, plaintiff's statutory expectancy has been fulfilled; the record clearly demonstrates that the $3,000 award is not patent abuse of discretion. Furthermore, the regulations do provide plaintiff with certain procedural safeguards. *See* 20 C.F.R. §§ 404.975(b), –.976(a); *Copaken, supra* at 732 (outlining procedural protections afforded by the regulations in attorney fee determinations made pursuant to 42 U.S.C. § 406(a)). As the court in *Copaken* pointed out, an evidentiary hearing is not always required to satisfy procedural due process. Rather, private and public interests must be balanced in determining the extent of procedural protection afforded. *Id.* (citing *Mathews v. Eldridge, supra,* 424 U.S. at 334, 96 S.Ct. at 902). The court finds that the procedural protection provided plaintiff was adequate to protect whatever expectancy was created by 42 U.S.C. § 406(a). Thus, plaintiff has not been personally deprived of either substantive or procedural due process. Accordingly, the court holds that plaintiff's personal constitutional claim is not sufficiently colorable to provide this court with subject matter jurisdiction.

### 2. *Claimants' Due Process and Equal Protection Rights*

██ Plaintiff has alleged that the Secretary's award of attorneys' fees is part of a concerted effort to deprive social security claimants of legal representation. From the affidavits submitted with the complaint, plaintiff's legal memoranda and plaintiff's statements at the hearing, it is apparent that a colorable constitutional claim has not been made and, as such, there is no subject matter jurisdiction to review the Secretary's fee award practices.

The affidavits of attorneys representing disability claimants (attached to the complaint) indicate that there is no detectable abuse in the Secretary's fee awards under 42 U.S.C. § 406(a). For example, the affidavit of Attorney Gabor Rona lists two instances in which the ALJ awarded legal fees below the sum requested. However, in both cases the Regional Chief ALJ increased the award to 25% of the past due benefits awarded. In considering allegations that the Secretary has engaged in an unconstitutional effort to deprive disability claimants of legal representation, only the

final fee determination of the Secretary is relevant to our inquiry. In the two cases cited, Attorney Rona received the fees requested. If anything, this affidavit tends to negate the existence of the constitutional violation alleged by plaintiff.[7]

At the hearing, plaintiff informed the court that the Hood case was the first, out of approximately twenty-five disability cases handled by him, in which his fee request had been reduced.[8] Nevertheless, plaintiff received a $3,000 fee for representing Mr. Hood. This amount is sufficient to negate plaintiff's allegation of impure motivations on the part of the Secretary—especially, in light of the other twenty-five awards in which plaintiff was completely satisfied with the amount provided.

When a statute commits a decision to agency discretion as a matter of law, absent statutory review powers, the court can base subject matter jurisdiction only on a patent abuse of discretion which indicates an official is acting outside of his or her statutory authority, *see Garcia v. Neagle,* 660 F.2d 983 (4th Cir.1981), or on a colorable constitutional claim. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). It is apparent that the $3,000 fee award to plaintiff is neither. There is no basis for plaintiff's claims that the Secretary has embarked on a deliberate effort to deny claimants' legal representation by unconstitutionally limiting attorney fee awards. *See Gendron v. Saxbe,* 389 F.Supp. 1303 (C.D.Cal.1975) (holding that an administrative fee limitation does not deprive claimant of right to counsel). Accordingly, there is not a colorable constitutional claim

on which subject matter jurisdiction may be based.

*Conclusion*

The court finds that the Secretary's attorney's fee award may not be reviewed for want of subject matter jurisdiction. Accordingly, the Secretary's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) is hereby granted.

It is so ORDERED.

Dated at Burlington, in the District of Vermont, this 6th day of April, 1983.

Any party may appeal from this Order within 10 days after issuance by filing with the Clerk of the Court and serving on the Magistrate and all parties, a written statement of appeal. *See* Local Rule 14, Part 4a.

---

**7.** Similarly, the affidavit of Attorney John R. Durrance, Jr., does not indicate any constitutional deprivation of claimants' right to legal representation. While the majority of his fee claims may have been reduced since September, 1981, this does not indicate a constitutional claim. First, the Secretary has the authority to award reasonable fees which, in some cases, may be lower than the amount sought by an attorney. Second, there are no particulars regarding the amount of fees sought, time expended, plaintiff's recovery or the final determination of fees pursuant to 20 C.F.R. § 404.-

1720(d). As such, the affidavit does not support the claim that the Secretary has in some way violated claimants' constitutional rights.

**8.** On February 7, 1983 plaintiff filed his fee authorization from another disability case in which the award was lower than the amount sought. This decision, however, is not a final decision. Plaintiff may appeal this award pursuant to 20 C.F.R. § 404.1720(d). Therefore, this authorization does not assist plaintiff's assertion of subject matter jurisdiction.