The FAMILY HOUSING AND LAW
CLINIC OF FRANKLIN PIERCE
LAW CENTER

v.

Margaret HECKLER, Secretary of Health and Human Services; Martha A. McSteen, Acting Commissioner, Social Security Administration; Edwin C. Satter III, Regional Administrative Law Judge.

Civ. No. 84–680–D.

United States District Court,
D. New Hampshire.

Feb. 19, 1985.

Bruce E. Friedman, Concord, N.H., for plaintiff.

Bruce E. Kenna, U.S. Atty., Concord, N.H., for defendant.

## MEMORANDUM OPINION

DEVINE, Chief Judge.

This litigation concerns the manner in which the Social Security Administration ("SSA") applies certain of its own regulations. The regulations at issue govern the fees to be paid to representatives of those claimants who are successful in administrative proceedings before SSA.

Plaintiff, The Family Housing and Law Clinic ("Clinic") is a branch of Franklin Pierce Law Center ("Law Center"), located in Concord, New Hampshire. The defendants are Margaret Heckler, Secretary of Health and Human Services ("Secretary"); Martha A. McSteen, Acting Commissioner of SSA ("Commissioner"); and Edwin C. Satter III, Regional Chief Administrative Law Judge of SSA ("Chief Judge"). Each of the defendants has been sued only in her or his official capacity.

At this stage of the litigation, the matter comes before the Court on defendants' motion seeking dismissal for lack of jurisdiction. The relevant facts are as follows.

Clinic is staffed by experienced attorneys, but it also utilizes the services of second- and third-year law students at Law Center.[1] Most of Clinic's clients are indigent residents of New Hampshire, and as a supplement to their academic training Clinic's students represent such clients before courts and administrative agencies, including SSA.[2]

Salaries of Clinic's staff attorneys are paid by Law Center. However, Clinic is required to raise by its own effort approximately $45,000 annually to meet its overhead costs.[3] One source chosen by Clinic to assist in this endeavor consists of the

---

1. Such students are either enrolled in or have completed the Law Center course in "Administrative Advocacy".

2. Such representation is, of course, supervised by Clinic staff attorneys. This not unusual practice is sanctioned by both the state courts of New Hampshire, Rule 36, N.H. S.Ct., and by this court, Rule 5(c), Rules of the United States District Court for the District of New Hampshire.

3. Clinic's overhead costs include telephone, utilities, and secretarial staff.

fees paid to representatives of claimants who are successful in proceedings before SSA. Accordingly, Clinic enters into written agreements with such clients under which the clients agree that if fees are awarded they are to be paid to Clinic.[4] In a series of cases here complained of, however, SSA has allowed only a portion of fees sought by Clinic for successful representation before it to be paid. Specifically, plaintiff complains that it has been paid only $3,000 of fees from a total of $9,000 sought, and such payments have been limited to payments to attorneys under Title II of the Social Security Act ("Act"). SSA has refused to approve any payment to Clinic for the services of law students and has denied payment of fees to attorneys for successful representation of claimants under Title XVI of the Act.

The claimants represented by Clinic have sought Social Security benefits under the Disability Insurance provisions of Title II of the Act ("SSDI"), codified at 42 U.S.C. § 423, as well as Supplemental Security Income ("SSI"), under Title XVI of the Act, codified at 42 U.S.C. § 1381, et seq. The statutory authorization for payment of fees to representatives of claimants seeking SSDI benefits under Title II is to be found in 42 U.S.C. § 406, while payment to representatives advancing SSI claims pursuant to Title XVI is governed by the provisions of 42 U.S.C. § 1383. Each of such statutes specifically provides that if desired a claimant seeking recovery under either provision of the Act may be represented by non-attorneys. In this regard, the nearly identical statutory language provides, in relevant part:

> The Secretary may prescribe rules and regulations governing the recognition of agents or other persons, other than attorneys as hereinafter provided, representing claimants before the Secretary, and may require of such agents or other persons, before being recognized as representatives of claimants that they shall show that they are of good charater [sic] and in good repute, possessed of the necessary qualifications to enable them to render such claimants valuable service, and otherwise competent to advise and assist such claimants in the presentation of their cases. An attorney in good standing who is admitted to practice before the highest court of the State, Territory, District, or insular possession of his residence or before the Supreme Court of the United States or the inferior Federal courts, shall be entitled to represent claimants before the Secretary. The Secretary may, after due notice and opportunity for hearing, suspend or prohibit from further practice before him any such person, agent, or attorney who refuses to comply with the Secretary's rules and regulations or who violates any provision of this section for which a penalty is prescribed. The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter, and any agreement in violation of such rules and regulations shall be void.

42 U.S.C. § 406(a).[5]

Those who seek SSDI payments pursuant to Title II and are represented by attorneys, however, will have withheld from any past-due benefits to which they are found entitled certain sums for payment of fees sought by such attorney.[6] Title XVI of the Act contains no provision for the withhold-

---

4. When paid, whether for the services of attorneys or for those of law students, such fees are used to defray the overhead costs of Clinic, and none of the fees thus paid go to the actual representatives of the clients.

5. The Title XVI provision governing representation of claimants in SSI proceedings is to be found at 42 U.S.C. § 1383(2). As stated above in the body of this Opinion, the language therein is nearly identical with the quoted provisions from 42 U.S.C. § 406(a).

6. Found in additional provisions of 42 U.S.C. § 406(a), the sums withheld are to be the smaller of (A) 25 per centum of the total amount of past-due benefits; (B) the amount of attorney's fees as fixed by the Secretary; or (C) the amount agreed upon between claimant and his attorney as to the fee for the attorney's services.

ing of past-due benefits for the payment of fees to either attorneys or nonlawyers.

The regulations promulgated by the Secretary pursuant to statutory authorizations hereinabove referred to are also generally identical in language. Those who want representation before SSA under Title II may choose either a lawyer or a nonlawyer, 20 C.F.R. § 404.1705, who may qualify on completion of certain paperwork, 20 C.F.R. § 404.1707, and when qualified is authorized to represent the claimant in proceedings before SSA, 20 C.F.R. § 404.1710, and will receive notices of action thereon, 20 C.F.R. § 404.1715. In SSI claims under Title XVI, the regulations contain identical provisions for appointment of a representative, 20 C.F.R. § 416.1505; recognition of such appointment, 20 C.F.R. § 416.1507; authority of such representative, 20 C.F.R. § 416.-1510; and receipt of notices by the representative, 20 C.F.R. § 416.1515. In addition, the identical regulations provide that representatives may charge and receive fees on condition that they file written requests with SSA which will decide the amount of the fee the representative may charge or receive. 20 C.F.R. § 404.1720 (for Title II); 20 C.F.R. § 416.1520 (for Title XVI). Fees may not be charged or received until approved by SSA, nor shall they be for amounts in excess of amounts so approved, *id.* The notice of fee determination is to go to both claimant and the representative detailing the basis of the award of fees, *id.*, and if a timely request is made for review of such award, the determination of such will be reviewed by "an authorized official of [SSA] who did not take part in the fee determination being questioned", 20 C.F.R. § 404.1720(d); 20 C.F.R. § 416.1520(d).

Of importance to the instant litigation are the regulatory criteria to be used in evaluating a request for approval of a fee when same has been properly filed by a claimant's representative. In identical language, 20 C.F.R. § 404.1725(b) and 20 C.F.R. § 416.1525(b) provide:

(1) When we evaluate a representative's request for approval of a fee, we consider the purpose of the social security program, which is to provide a measure of economic security for the beneficiaries of the program, together with—

(i) The extent and type of services the representative performed;

(ii) the complexity of the case;

(iii) The level of skill and competence required of the representative in giving the services;

(iv) The amount of time the representative spent on the case;

(v) The results the representative achieved;

(vi) The level of review to which the claim was taken and the level of the review at which the representative became your representative; and

(vii) the amount of fee the representative requests for his or her services, including any amount authorized or requested before, but not including the amount of any expenses he or she incurred.

(2) Although we consider the amount of benefits, if any, that are payable, we do not base the amount of fee we authorize on the amount of the benefit alone, but on a consideration of all the factors listed in this section. The benefits payable in any claim are determined by specific provisions of law and are unrelated to the efforts of the representative. We may authorize a fee even if no benefits are payable.

In the series of cases complained of in this litigation, when plaintiff's claims for fees were denied initially by an ALJ, review was sought before the defendant Chief Judge pursuant to the review provision of 20 C.F.R. § 404.1720(d) or 20 C.F.R. § 416.1525(d), as above quoted. With regard to the work done by law students in representation of successful claimants, defendant Chief Judge stated his position as follows:

It is my opinion that the time spent by law students on social security cases is time spent in furtherance of their academic achievements and I feel compelled

to disallow any reimbursement for that time.

Appendix C to Complaint.[7]

In addition, the defendant Chief Judge has taken the position that Clinic is a "service organization" which

provides a service to claimants who cannot afford to retain private attorneys to represent them. Therefore, the decision to allow an organization such as yours to charge and receive a fee is viewed from another perspective.

Appendix D to Complaint.[8]

In sum, therefore, there is statutory authority permitting both SSDI and SSI claimants to be represented by either lawyers or nonlawyers, and where successful in such proceedings, the representatives may request payment of a fee for services. Pursuant to statutory delegation, the Secretary has promulgated detailed criteria for the evaluation of such fee requests. As read and reread, however, these criteria contain no indication that "service organizations"[9] or law students (as distinguished from a lay person representative) are to be denied fees because of their status. Contrary to defendants' assertion that plaintiff herein received "full procedural rights regarding the request for fees for services before the [SSA]", Defendants' Memorandum at 4, it appears that ad hoc decisions were herein made with reference to plaintiff's request for fees, which decisions are not made with respect to other private law firms, law students employed by such firms, and lay representatives of claimants.

The issue is not, therefore, as defendants would have it, the right of the defendants to deny all fees, the right of the defendants to reduce the amount of fees requested, or the right of defendant Chief Judge to re-

view fee awards on request. Nor is the issue one of whether this Court possesses jurisdiction pursuant to the Act to review such actions made in the course of administrative proceedings by SSA.

The issue is whether the plaintiff here possesses a colorable constitutional claim such as to invoke the jurisdiction of this Court. It is an elemental rule of law that the

agency power to make rules that affect substantial individual rights and obligations carries with it the responsibility not only to remain consistent with the governing legislation, *FMC v. Seatrain Lines, Inc.*, 411 U.S. 726 [93 S.Ct. 1773, 36 L.Ed.2d 620] (1973); *Dixon v. United States*, 381 U.S. 68, 74 [85 S.Ct. 1301, 1305, 14 L.Ed.2d 223] (1965); *Brennan v. Stark*, 342 U.S. 451 [72 S.Ct. 433, 96 L.Ed. 497] (1952), but also to employ procedures that conform to the law. See *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 764 [89 S.Ct. 1426, 1428, 22 L.Ed.2d 709] (1969) (plurality opinion). No matter how rational or consistent with congressional intent a particular decision might be, the determination of eligibility cannot be made on an *ad hoc* basis by the dispenser of the funds.

*Morton v. Ruiz*, 415 U.S. 199, 232, 94 S.Ct. 1055, 1073, 39 L.Ed.2d 270 (1974).

Accepting, as it must, the facts alleged in the complaint as true, *Chasan v. Village District of Eastman*, 572 F.Supp. 578, 579 (D.N.H.1983), *aff'd without opinion* 745 F.2d 43 (1st Cir.1984) (and cases therein cited), the Court finds and rules that Clinic herein has at least "a statutory expectancy that the Secretary will award reasonable attorney's fees", *Carver v. Heckler, supra*, 568 F.Supp. at 306, and that the departure from the regulatory criteria mandated for

---

**7.** Appendix C to the Complaint is the letter of August 27, 1984, to Attorney Bruce Friedman, Director of Clinic.

**8.** Appendix D to the Complaint is another letter of August 27, 1984, from defendant Chief Judge to Attorney Friedman.

**9.** The position of the defendant Chief Judge with respect to the "service organization" aspect

of plaintiff Clinic is all the more puzzling in light of the recent decision of the Supreme Court in *Blum v. Stenson*, — U.S. —, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Additionally, the law is clear that law students are not to be denied requests for fees merely because of their status. *Jordan v. United States Department of Justice*, 691 F.2d 514, 522–23 (D.C.Cir.1982); *Carver v. Heckler*, 568 F.Supp. 301 (D.Vt.1983).

use by SSA in the evaluation of fee claims triggers a colorable constitutional claim of deprivation of due process.[10]

For the reasons hereinabove detailed, the defendants' motion to dismiss must be and it is herewith denied.

SO ORDERED.

---

**10.**  Indeed, in one of the cases relied on by the defendants, the court made clear that arbitrary action in the setting of fees fell within the jurisdiction of the court.

That the Secretary, through the decision of the ALJ, has the sole authority to set the fee, however, does not mean that he is free to set fees arbitrarily.  As we mentioned in *Garcia v. Neagle*, 660 F.2d 983 (4th Cir.1981), *cert. denied*, 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982), 'even where action is committed to absolute agency discretion by law, courts have assumed the power to review allegations that an agency exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations.' *Id.* at 988.  The appellant does not colorably claim that the fee award itself was improper on constitutional, statutory, or regulatory grounds.  His challenge to the reasonableness of the fee, therefore, must fail.

*Thomason v. Schweiker*, 692 F.2d 333, 336 (4th Cir.1982) (footnote omitted).