Timothy H. **GILBERT**, Plaintiff,

v.

**SEARS, ROEBUCK AND COMPANY, a New York corporation, Tampa Bay Center, Inc., a Florida corporation, Defendants.**

No. 93–479–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

July 14, 1993.

**434**

Keith F. Roberts, Kinsey & Roberts, Tampa, FL, for plaintiff.

Thomas John Roehn, Lawrence Phillip Ingram, Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, FL, for defendant Sears, Roebuck and Co.

## ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

KOVACHEVICH, District Judge.

This case was originally filed in The Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, State of Florida and removed to the United States District Court. Federal courts have original jurisdiction to claims arising under the United States Constitution, and as such, removal was granted because the complaint is based in part on alleged violations of the plaintiff's civil rights under 42 U.S.C. § 1983. Defendant, Sears, Roebuck and Company, has filed a Motion to Dismiss the plaintiff's complaint for failure to state a claim and, in the alternative, a Motion for More Definite Statement. For reasons set forth herein, we deny in part and grant in part the Defendant's Motion to Dismiss, and grant the Motion for More Definite Statement.

### BACKGROUND

For the purpose for this motion to dismiss under 12(b)(6) Fed.R.Civ.P., the Court assumes the truth of all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those allegations. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986). The allegations as set forth in Plaintiff's complaint are as follows: On July 17, 1991, Mr. Gilbert was shopping in a Sears store located in the Tampa Bay Center when he began to experience intestinal discomfort. After making his purchase, he made his way to the men's room located in the Sears store. Acting out of concern for his privacy, he selected the third of four stalls in the then empty restroom and closed the door.

Mr. Gilbert remained in the men's room for approximately 15 to 20 minutes. During that time, he was stared at by members of the Tampa Bay Police Department and a Sears employee or mall security officer who would enter the men's room and peer over the top of the stall door in which Mr. Gilbert was situated. On occasion, the observer would enter the fourth stall and observe Mr. Gilbert through an opening between the

third and fourth stalls created by a loose toilet paper dispenser which Mr. Gilbert had been unsuccessful in securing with toilet paper earlier. While in the men's room, Mr. Gilbert was also observed by an officer located in the ceiling above the toilet stalls, who was equipped with a sound transmission device with which he was able to transmit to other Tampa police officers, Sears employees and mall security guards his observations of Mr. Gilbert.

After Mr. Gilbert exited the restroom, he was confronted by a police officer who stepped out from a room that was occupied by security personnel employed by Sears and security personnel employed by the Tampa Bay Center, as well as other officers with the Tampa Police Department. Based on the information gathered during the surveillance operation engaged in by the Tampa police, Sears employees and security personnel employed by the Tampa Bay Center, the officer ordered Mr. Gilbert into the room where he was handcuffed, placed under arrest, and required to remain for some time. At no time did any officer, Sears employee or mall employee respond to Mr. Gilbert's repeated inquiry into the charges for which he was being held.

During the interrogation, which took place in the security room which was used as the "headquarters" for the surveillance operation, Mr. Gilbert advised the men that he was an assistant principal at an elementary school. This revelation lead to various derogatory comments made by both the police and a Sears employee to Mr. Gilbert. Other allegations contained in Count I pertain solely to the actions of officers of the Tampa Police Department who are not a party to this action due to the requirements of the state's sovereign immunity statute.

Count II of the complaint sets forth a common law claim for false arrest and imprisonment which is not addressed in defendant's motion to dismiss. As such, Count II will play no role in our analysis.

## DISCUSSION

## MOTION TO DISMISS

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). Further, when evaluating a motion to dismiss, the trial court must view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Civil rights claims are traditionally given liberal construction. *Birnbaum v. Trussell,* 347 F.2d 86, 90 (2nd Cir.1965).

The defendant suggests that civil rights cases must be plead with specificity. However, the Supreme Court in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* —— U.S. ——, ——–——, 113 S.Ct. 1160, 1162–63, 122 L.Ed.2d 517 (1993), specifically rejected the line of cases developed in the 5th Circuit requiring civil rights cases to be plead with specificity as being contrary to the "liberal system of 'notice pleading' set up by the Federal Rules." Only two allegations are required to meet the pleading requirements and they are 1) that the conduct alleged was committed under color of law; and 2) that the conduct deprived the plaintiff of constitutional or federal rights. *Quinones v. Durkis,* 638 F.Supp. 856 (S.D.Fla.1986).

While Mr. Gilbert does not clearly and specifically state in his complaint that the Sears employees were acting under color of state law, the complaint is riddled with instances where Mr. Gilbert alleges that Sears and their agents acted in concert with the police during the course of the surveillance and arrest of Mr. Gilbert.[1] This is sufficient under the liberal pleading requirements of Rule 8 of the Federal Rules and the

1. *See e.g.,* Paragraphs 12–13 regarding the activities of the police and agents of the defendants in peering over the door of the stall occupied by Mr. Gilbert; Paragraph 15 regarding communication of Mr. Gilbert's activities within the stall by the officer located overhead to other officers and agents of Sears; Paragraph 16 regarding the joint determination as to which individuals would be subjected to the surveillance operation; and Paragraphs 17 and 18 listing those participating in the arrest and confinement of Mr. Gilbert.

Supreme Court's concurrence with the rule as stated in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, and thus the plaintiff has met his pleading burden as to the first element of his civil rights claim.

■ The second aspect of a sufficiently plead civil rights claim is that the plaintiff must allege a violation of constitutional or federal rights. Mr. Gilbert's complaint sets forth a litany of alleged violations of constitutional and federal rights, including violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and further alleges Sears culpability and complicity through out Count I.

First, Mr. Gilbert alleges a violation of his right to privacy. Within the complaint, it is alleged that Sears violated this right by knowingly permitting deficiencies in the stalls that facilitated the observation of Mr. Gilbert while in a closed toilet stall; that Mr. Gilbert was observed by a Sears employee while within the closed toilet stall; and that Sears employees were privy to the descriptions relayed by the officer while poised in the ceiling above Mr. Gilbert.[2]

Second, Mr. Gilbert claims that Sears violated his right to be free from unreasonable searches and to be secure in his person which occurred through the observation of the Mr. Gilbert while within a closed toilet stall as set forth in Paragraphs 24 and 13 of the plaintiff's complaint.

The third claim contained in Mr. Gilbert's complaint is that Sears violated his right to be free from unlawful arrest and confinement. The complaint supports this claim in paragraph 17 which sets forth the means by which Mr. Gilbert was stopped by both officers and Sears personnel, handcuffed and placed in confinement in the Sears security room which was occupied by agents of Sears, as well as police officers.

Fourth, the complaint alleges that Mr. Gilbert's right to due process of law was violated by Sears through out the surveillance and arrest of Mr. Gilbert. *See. e.g.*, paragraph 17 of the complaint.

■ Mr. Gilbert also claims that he has a right to be free from government sponsored discrimination and disparagement, and that this right has been infringed upon by Sears and their agents. The defendant has grasped at that part of the complaint that discusses the development and use of the alleged homosexual profile, and has gone to great lengths to establish that the use of profiles is not unconstitutional, *see e.g. United States v. Sokolow*, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989), and that sexual orientation is not a suspect classification, *see e.g. Bowers v. Hardwick*, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986). We agree with the defendant's position on these issues and grant the defendant's motion to dismiss as to the alleged violation of plaintiff's right to be free from government sponsored discrimination and disparagement.

## MOTION FOR MORE DEFINITE STATEMENT

■ If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, it is appropriate to grant a motion for more definite statement. *Sisk v. Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1057–58 (5th Cir.1981). In this case, the complaint makes repeated references to a conspiracy to deprive individuals, including Mr. Gilbert, of their Constitutional rights. However, it is unclear to this Court whether the plaintiff intends to plead conspiracy as a separate cause of action under 42 U.S.C. § 1985. As such, defendant's motion for more definite statement is granted. The plaintiff is cautioned to keep in mind that conspiracy must be plead with specificity pursuant to Rule 9, Fed.R.Civ.P. In accordance with Rule 12(e) of the Federal Rules, the plaintiff has ten (10) days to amend his complaint.

## CONCLUSION

**ORDERED** that the Motion to Dismiss be **denied** as to all issues except the issue regarding Mr. Gilbert's claim for a violation of his right to be free from government sponsored discrimination and disparagement.

2. *See* Paragraphs 10, 11, 13 and 15 of Plaintiff's    complaint.

IT IS FURTHER ORDERED that the Motion for More Definite Statement be **granted** to permit Sears an opportunity to respond to Mr. Gilbert's allegations of conspiracy if that is what Mr. Gilbert intends.

**DONE and ORDERED.**